## The Travelers Insurance Company v. Clara P. Mayo.

1. MERGER—*Deficiency Decree in Foreclosure Proceedings*—Where a plaintiff files a bill to foreclose a mortgage securing notes on which the defendants are liable jointly and severally, and after a sale of the mortgaged premises elects to take a deficiency decree against only one of the defendants, the judgment is a merger of the whole cause of action against all the defendants, and a subsequent suit can not be maintained against any one of them.

2. PROMISSORY NOTES—*Suits Against a Surety.*—The fact that one of the signers of a note is a security, does not make him any the less liable jointly with the principal, and any suit at law on the note should be against the signers jointly and not against the surety in the capacity of indorser after pursuit of the principal to insolvency.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed July 1, 1897.

ALEXANDER CLARK and C. W. BROWN, attorneys for appellant.

GARNSEY & KNOX, attorneys for appellee.

MR JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in assumpsit, seeking recovery on a joint and several promissory note given by R. G. Mayo and his wife, the appellee, executed in the State of Florida, June 15, 1888, for $5,000 with twelve per cent interest after maturity and due in two years.

The note was payable at the appellant's office, at Hartford, Connecticut, with exchange on New York. This suit was commenced in attachment against both signers of the note, and the writ levied on the real estate of appellee.

She then filed pleas alleging her coverture, and that by the laws of Florida, a married woman, was not liable on a promissory note. The suit was dismissed as to R. G. Mayo and additional counts filed, Nos. 5 and 6, attempting to charge appellee as guarantor.

The appellee then filed her fourth plea, setting up the execution of the note and mortgage on the real estate in the State of Florida; that the same was foreclosed in the Circuit Court in Orange county, State of Florida, and a decree of sale of foreclosure entered by said court, and the real estate sold, for a certain sum bid, leaving a deficiency of $4,891.10, and that judgment was rendered in said court for said deficiency against the said R. G. Mayo alone, although appellee was duly served and said court had jurisdiction of her and the said Mayo, and said judgment was rendered on the said note being the same cause of action sued on in this case, and claimed that the said note was merged in said judgment, and that the same was a bar to this action against her.

The appellant then filed its seventh count setting up as cause of action, the same facts and seeking recovery on the deficiency decree.

The court below sustained demurrer to said seventh count

and overruled it to the fourth plea. The cause was submitted to the court the appellant abiding by his demurrer to said fourth plea, and the court rendered judgment against appellant for costs, from which judgment this appeal is taken.

The errors assigned are that the court erred in overruling the demurrer of the appellant to the fourth plea, and in sustaining the demurrer to the seventh count of the declaration.

The only question to be passed upon by this court is whether the said deficiency decree rendered by the Florida court against R. G. Mayo alone, was an extinguishment of the cause of action against appellee as well as R. G. Mayo. It is not disputed that a judgment or decree against one of two joint principals releases the other, and this rule appears to be fully established and recognized in Lawrence v. Beecher, 116 Ind. 312. (19 N. E. R. 143.) The case cited holds that where there is a deficiency decree against one of several makers of a promissory note, and no disposition of the case as to the others is directly made further than to decree that their equity of redemption is barred, the cause of action is barred in a subsequent suit on the note against those not included in the deficiency decree. It would not be the case however where there was simply a decree of foreclosure but a subsequent deficiency decree is in its effect a personal judgment on the note, and where the court has jurisdiction against all the several makers and only renders judgment against one this extinguishes his cause of action against the others.

The court also further holds that even where the note was joint and several, and where each might be sued severally, yet where all are sued as joint makers and judgment is taken against one, the other makers by this action are released. The case might be different if the court had dismissed the suit against those not sought to be held in such manner as to make it a several action against each of the makers before final judgment against one. In a case like the Indiana case, where a deficiency judgment was taken against one of sev-

eral makers of a promissory note and no other disposition made by the court as to the others, the cause of action is merged in the judgment and those against whom no judg-ment is taken are released.

The appellant seeks to evade the force of the rule, cor-rectly announced, as we think, in the case cited, by the fact set out in the fourth plea that appellee, while she signed the note as a joint maker, was in fact security for Rudolph P. Mayo, her husband, and that therefore her husband might be pursued to final judgment or decree without releasing her, though the court had jurisdiction of her person the same as that of her husband.

This contention is based on the supposed ground that she was only secondarily liable and that the principal, especially in equity, should be pursued to insolvency before the liabil-ity of the surety should attach, and therefore she is not released by the action of the court in the foreclosure and deficiency decree in the Florida case.

The fact that appellee was security did not make her any the less liable jointly with the principal, and this was the position she occupied, and any suit at law brought on the note should have been against both jointly and not against appellee in the capacity of indorser after having pursued the principal to insolvency showing a suit for that purpose to be unavailing, and not as a guarantor.

She occupied the position of principal and joint maker. It is true she was security and would be in law and in equity so considered in any equitable defense she should make. If no rights of appellee as security had been violated by the payee she had no defense and must answer as principal. The following cases will illustrate. Rodgers v. School Trust-ees, 46 Ill. 428; Lincoln v. Hinzey, 51 Ill. 435.

The following rule is laid down in Lawrence v. Beecher, 116 Ind., *supra :* " Where a plaintiff voluntarily elects to take a personal judgment against one of a number of defend-ants severally liable, without in any way preserving his rights against others then equally liable before the court, the presumption is that he is content with the judgment and

that his contentment is due to the fact that he received at the hands of the court all the relief that he was justly entitled to receive. If he desires to prevent this result he must take some steps as he well may to counteract this presumption. If he takes no such steps, but elects to take a final judgment against one of the defendants and takes only a judgment of foreclosure against the others, he can not justly complain if this presumption prevails against him, since he must be deemed to have obtained all the relief to which equity and justice entitled him." The plaintiff should not be allowed "to disturb the courts and vex the parties with many actions."

If appellee were security in this case, and the court had full jurisdiction as it had of her person and subject-matter of the suit and that of the principal, and entered a final deficiency decree, without dismissing the bill against her without prejudice against the principal, the presumption would be that on account of her securityship and some violation of her rights by the appellant as such, she was released, or that he voluntarily released her.

It may be that if appellant had taken some secondary relief in his decree against appellee, whether rightfully or wrongfully, she would have been bound by it and liable according to its terms.

But no such action was taken. The finding of the Florida court was, in effect, in her favor, and by its decree appellant must abide. We can see no substantial difference in appellant's favor, as claimed by his counsel, between this case and the Indiana case above cited. Seeing no error in the record, the judgment of the court below is affirmed.