## The First National Bank of Chicago, Appellee, v. Louis L. Marks and Meyer S. Marks, Appellants.

### Gen. No. 40,977.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed April 8, 1940.

Rosenberg, Stein & Rosenberg, of Chicago, for appellants.

D'Ancona, Pflaum & Kohlsaat, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against defendants on a written contract by the terms of which they guaranteed the payment of a promissory note for $12,000 dated July 8, 1927, due three years after date. The note was made by Louis L. Simon, who executed a trust deed on certain real estate in Chicago to secure the payment of the note. The trust deed was foreclosed, the property sold and there was a deficiency of $12,543.04, for which the maker of the note was held to be personally liable. It is to recover this deficiency that plaintiff brings suit. The case was tried before the court without a jury; there was a finding and judgment in plaintiff's favor for the amount claimed and defendants appeal.

The record discloses that July 8, 1927, Louis L. Simon executed his three principal promissory notes, one for $1,500 due in one year; one for the same amount due in two years, and the third for $12,000 due in three years. To secure the payment of the $15,000, Simon executed his trust deed conveying certain Chicago property to the Foreman Trust & Savings Bank, trustee. The first and second notes and some interest were paid. At the time the $12,000 note was executed, it bore the following endorsement: "For value Received ———— hereby guarantee the payment of this note and all expenses of collecting the same, including attorneys' fees, and waive protest and notice of non-payment and diligence in collecting the same, and consent that security may be taken or the time of payment be extended without impairing this guarantee." Then follow the signatures of defendants, Louis L. Marks and Meyer S. Marks.

Afterward the trustee filed its bill to foreclose the lien of the trust deed for the nonpayment of the $12,000 note. No mention was made in the bill of the contract of guarantee. The bill contained the usual allegations and in one paragraph a number of persons are mentioned, including Louis and Meyer Marks, and it is alleged that these persons ''have or claim to have some right, title, interest or lien in and to the real estate . . . but . . . that the right, title, interest and lien of such persons, . . . if any they have . . . is subject, inferior and subordinate to the lien'' of complainant. The prayer was the usual one in such cases; and that ''the Court may in and by its decree determine or find the person or persons personally liable for said indebtedness.'' The Marks, as defendants to the foreclosure suit, filed their answer in which they demanded strict proof of the allegations of the bill. A decree of foreclosure was entered which approved the master's report (to which no objections were filed), and finds the amount due to be $17,922.08, for which Louis L. Simon, the maker of the note, was decreed to be personally liable to plaintiff, the First National Bank of Chicago, with which the Foreman Bank, as trustee, had merged.

Afterward the property was sold by the master for $6,000 leaving a deficiency of $12,543.04. The master's report of sale and distribution was approved by the chancellor. Nowhere in the foreclosure proceeding is any reference made to the contract of guarantee which is the basis of the instant suit.

Defendants contend the plaintiff's failure to take a deficiency decree in the foreclosure suit against Louis and Meyer Marks released them from liability on their guarantee; that the foreclosure decree is *res adjudicata* of the issues involved in the instant case, and reliance is chiefly placed on *Travelers' Ins. Co. v. Mayo,* 170 Ill. 498. That suit was an action of assumpsit brought on a joint and several promissory note made by Mr. and Mrs. Mayo. Mrs. Mayo filed a plea that under the law

of Florida, a married woman was not liable on a promissory note. The suit was then dismissed as to Mr. Mayo and the declaration was amended charging Mrs. Mayo as guarantor. She then filed a plea setting up the execution of the note and mortgage on Florida real estate; that the mortgage was foreclosed in that State and the property sold, leaving a deficiency for which judgment was entered against Mr. Mayo alone, although Mrs. Mayo had been duly served with process in that case and contended the action was barred. The court said the "only question to be passed upon by this court is, whether the said deficiency decree rendered by the Florida court against R. G. Mayo alone was an extinguishment of the cause of action against" Mrs. Mayo. The court held she was released by the Florida judgment.

We think that case is not in point. In that case the Mayos were co-makers of the note. They were both served with process by the Florida authorities and in foreclosure a deficiency was taken alone against the husband. In the instant case, the Marks are not co-makers of the note but guarantors of it. They were made parties defendant to the foreclosure suit but it was not sought in that suit to hold them liable as guarantors or in any other manner. As stated, the question of their guarantee was in no way mentioned. But defendants say the decree in the foreclosure suit adjudicated not only the matters involved in that suit but every other thing which might have been adjudicated in that proceeding. Counsel say that "Since the plaintiff in the foreclosure suit asked the court to find the person or persons personally liable for the debt and made the defendants herein defendants to its suit, the decree entered in the foreclosure suit was *res adjudicata* and a bar to plaintiff's suit." We think this contention cannot be sustained. Plaintiff made no attempt to hold them as guarantors. Moreover, the fore-

closure suit was instituted before the Civil Practice Act became effective.

See *Bride v. Stormer,* 291 Ill. App. 502, 507, where the court said: "It is generally considered, except in States having an express provision of statute to the contrary, that the holder of a mortgage cannot join a third party claimed to be liable for the debt, with the mortgagor, in an action of foreclosure, for the purpose of obtaining a judgment for a deficiency against him. This rule was recognized in this State as far back as the case of *Walsh v. Van Horn,* 22 Ill. App. 170. A similar holding is to be found in *Christensen v. Niedert,* 259 Ill. App. 96, 103, 104, 105; *Shiel v. Chicago Title & Trust Co.,* 262 Ill. App. 410; *Elkhart State Bank v. Schlarman,* 270 Ill. App. 440, 452, (*certiorari* denied); and *Nelson v. Zemans,* 275 Ill. App. 447."

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.