City of Chicago, a Municipal Corporation, Plaintiff,
v. Chatham Bank of Chicago, et al., Defendants.
Dewey C. Thordarson, Louise C. Thordarson, and Julia
Ann Thordarson, Defendants, Counterclaimants
and Appellees, v. Gale Johnson, a/k/a Olive Gale
M. Johnson, Counter-Defendant and Appellant.

Gen. No. 49,491.

First District, Fourth Division.

December 31, 1964.

Ned Langer and William P. Butcher, of Chicago,
for appellant.

Healy, Newby, Barrett & Healy, of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken by counterdefendant, Gale Johnson, also known as Olive Gale M. Johnson, from an order entered by the Superior Court of Cook County, Illinois, on November 6, 1963, denying and dismissing with prejudice her motion to vacate the deficiency judgment entered against her on the counterclaim of October 25, 1962, filed by Dewey C. Thordarson, Louise C. Thordarson, and Julia Ann Thordarson, hereafter referred to as the Thordarsons, as intervenors. The original suit commenced on May 15, 1961, and sought to compel the Chatham Bank of Chicago, as trustee, under a land trust (title holder of record), and Chicago Title and Trust Company, as trustee, under a mortgage of record, to comply with certain ordinances of the City of Chicago, and to make repairs to a certain building. The complaint also asked for a mandatory injunction against the owner or owners.

On July 5, Gale Johnson filed a pro se appearance, although the complaint did not name her as a defendant. On September 25, 1961, the Thordarsons, who were the owners and holders of the mortgage of record and of the note thereby secured, filed their petition for leave to intervene and to file a counterclaim * to foreclose the mortgage. Such leave was given by the court in an order entered September 28, 1961, and a counterclaim was filed. In the petition to intervene it was alleged that the Thordarsons were the holders of bearer notes secured by a trust

---

* There is some question as to whether "counterclaim" is the proper term to be applied to a complaint filed by virtue of an order permitting intervention.

deed on the property at 4700–04 North Beacon Street and 1416 West Leland Avenue, Chicago, Illinois. These properties were the subject of the suit brought by the City of Chicago.

It was further alleged that the obligor on the bearer note was Gale Johnson, who was then in default on the notes and further in default under the terms of the trust deed and "contract of sale whereunder said premises were sold." The allegation that Gale Johnson was the obligor was not strictly accurate. She had not signed as payor of the notes, but only as guarantor.

The counterclaim prayed for foreclosure of the trust deed and joined as defendants Gale Johnson, Robert Johnson and the Chicago Title and Trust Company, as trustee, under Trust No. 37611, and as trustee under the trust deed which secured the notes held by the Thordarsons and executed by the Chatham Bank of Chicago, which was the original trustee under the land trust, the beneficiary of which was Gale Johnson. It was also alleged that the owner of the premises was Chicago Title and Trust Company, as trustee, under Trust No. 37611, and that Gale Johnson was personally liable for any deficiency which might eventuate after foreclosure sale.

It was also alleged in the counterclaim that an order had been entered in the original suit brought by the City of Chicago that the premises were to be vacated and boarded up until compliance with the applicable ordinances. It was further alleged that the owners of the premises had committed waste, allowed the property to fall into a state of gross disrepair, and that the premises were found to be in violation of the "code and ordinances aforesaid."

It was prayed that the mortgage be foreclosed; that if the sale of the premises showed a deficiency, a personal deficiency decree be entered and a receiver be

407

appointed; and that the counterplaintiffs and mortgagees be placed "in possession of the property pursuant to Sections 22b, 52 et seq. Illinois Revised Statutes, Chapter 95."

The allegations in Count II of the counterclaim are not involved in the present appeal.

Attached to the counterclaim was a copy of a trust deed involving the premises in question from Chatham State Bank of Chicago, as trustee, under Trust No. 77, to Chicago Title and Trust Company, as trustee, dated November 20, 1959. Also attached was a copy of a note secured by the aforesaid trust deed, dated October 20, 1959, in the amount of $24,250, executed by Chatham Bank of Chicago, as trustee, under Trust No. 77. At the bottom of the note appears the notation: "The undersigned hereby unconditionally guarantee the payment of the above note and all advances thereon made and which may be made under the terms thereof, and agrees to all the terms and conditions of the above note."

On the back of the cover page of the note there is a notation that "For Value Received, the undersigned . . . hereby unconditionally guarantee(s) the payment of the within note and all costs, expenses and attorneys' fees . . ." In that notation there is a warrant of attorney. Both of these documents were allegedly signed by Olive Johnson.

On November 8, 1961, on the motion of the City of Chicago, the plaintiff in the original suit, the court entered an order appointing Dewey C. Thordarson as receiver. He was given the usual powers and rights of receivers appointed by the court, with power to make all necessary repairs for the restoration of the property to comply with recommendations made by the Commissioner of Buildings, which was the basis of the original complaint.

On November 14, 1961, an affidavit was filed wherein one Dolores S. Romotowski stated that she had served a counterclaim in foreclosure upon Olive Gale M. Johnson by mailing a copy of said counterclaim to the said Johnson at 4700 North Beacon Street, Chicago, Illinois, the last given address of the counterdefendant. On the same date the counterplaintiffs filed a petition stating that they had unsuccessfully attempted to contact Gale Johnson, beneficial owner of the property, in order to effect a settlement of the controversy concerning the default on the mortgage and the note. The petitioners asked that Gale Johnson, Robert Johnson, Chatham Bank, Chicago Title and Trust Company and "unknown owners" be made defendants in the instant proceeding. On the same day an order was entered directing the clerk to issue a summons against the designated counterdefendants. No summons was served on Gale Johnson. It was further ordered that Gale Johnson be required to answer said counterclaim in foreclosure within 30 days.

On March 30, 1962, counsel for counterplaintiffs filed an affidavit that Robert Johnson and "unknown owners" on due inquiry could not be found and that their places of residence could not be ascertained. Affiant further stated that the last place or places of residence of such defendants were also unknown. Attached was a receipt from the Chicago Daily Law Bulletin indicating that publication notice had been printed October 2, 9 and 16, 1962.

On May 29, 1962, the court entered an order of default against Gale Johnson for failure to answer the counterclaim, stating that the said counterdefendant had filed her appearance pro se in that court on July 5, 1961, and it further appeared that a copy of the counterclaim was served on the said Gale

Johnson on November 13, 1961, by mailing to her last known residence.

On June 20, 1962, the counterplaintiffs filed an amendment to their counterclaim as Count III. This count is not within the scope of this appeal.

A decree of foreclosure was entered July 27, 1962, finding that there was due to the Thordarsons, counterplaintiffs, the sum of $50,325.54, and a master's sale was authorized. A notice of motion for the entry of a deficiency judgment was filed October 25, 1962, served by mail addressed to the various defendants, including Gale Johnson at 4700 North Beacon Street, Chicago, Illinois. On October 25, 1962, an order was entered in the trial court confirming the sale and fixing deficiency at $35,445.69, and entering judgment against Gale Johnson for such deficiency.

On March 25, 1963, a motion to vacate was filed on behalf of Gale Johnson. It was supported by her affidavit which, among other things, called the court's attention to the fact that the installment notes and the trust deed securing the same, which were the basis of the counterplaintiffs' foreclosure suit, were executed by the Chatham Bank of Chicago, not personally, but as trustee, under Trust No. 77; and that the notes further provided that ". . . No personal liability shall be asserted or enforceable against the promissor or any person interested beneficially or otherwise in said property, . . . the sole remedy of the holder hereof shall be by foreclosure of said Trust Deed . . . in accordance with the terms and provisions in said Trust Deed set forth . . ."

She further stated in her affidavit that she was the guarantor of the said installment notes, which guarantee appears on the reverse side of each of the notes; and that the jurisdiction of the court to award a foreclosure decree is limited to the obligation which

the mortgage or trust deed is given to secure, and does not extend to collateral obligations.

On November 6, 1963, the court entered an order in which it denied the petition of Gale Johnson to vacate the deficiency decree, and also entered the further order that "there is no just reason for delaying enforcement or appeal of this order." From that order Gale Johnson takes this appeal.

There are two questions which must be considered in order to determine whether or not the trial court erred. The first is whether the trial court had any jurisdiction to enter such order, since Gale Johnson had not executed either the notes or the mortgage in question as an obligor, but had signed the notes only as a guarantor. The second question is whether or not the trial court, even if it had such power, could have in the instant case entered a deficiency judgment against Gale Johnson in view of the failure to serve her personally in the foreclosure action.

As to the first question, there has been a consistent holding by our court that in a foreclosure suit a deficiency judgment cannot be entered against the guarantor of notes secured by a trust deed. In 27 ILP Mortgages § 483, at page 525 it is said:

> "A personal judgment or decree for a deficiency can be rendered in a foreclosure action only against one liable for the debt. . . . It cannot be rendered against persons who are not personally liable for the debt secured by the mortgage, although they are made parties to the action, or against a guarantor of the debt who has, improperly, been joined in the action. . . ."

In Schnur v. Bernstein, 309 Ill App 90, 32 NE2d 675, the defendant in the trial court had a deficiency judgment entered against him on his guarantee of the

notes. The mortgage notes and trust deed were executed by Foreman Trust & Savings Bank, trustee, and provided that there should be no personal liability on the part of the mortgagors. The notes were endorsed by the defendant. The court said, at page 95:

> "The principal question presented is whether the circuit court sitting in chancery had jurisdiction in the foreclosure proceeding to render a deficiency judgment based upon a written guaranty of payment appearing on the back of the mortgage notes where the obligation in the guaranty was not secured by the trust deed."

The court further said, at page 97:

> "The subject matter in controversy here is not the foreclosure of the mortgage but rather the entry of the deficiency judgment against Bernstein on his guaranty. There is a clear and marked distinction between the power of a court of equity to decree mortgage foreclosures and its power to enter personal deficiency judgments. Jurisdiction of equity over mortgage foreclosures is general and one of its constitutional powers. (First Nat. Bank of Chicago v. Bryn Mawr Beach Bldg. Corp., 365 Ill 409), but it exercises its power to render deficiency judgments by virtue of a statute extending its jurisdiction (§ 17, c 95, Ill Rev Stats 1937 [Jones Ill Stats Ann 83.17]).
>
> "In this State, as a general rule, the holder of a mortgage cannot join a third party claimed to be liable for the debt with the mortgagor in an action of foreclosure for the purpose of obtaining a judgment for a deficiency against him."

The court cited Walsh v. Van Horn, 22 Ill App 170, in which case the court held that a deficiency judgment could not be entered against a guarantor or an indorser, and states that the liability of either was a purely legal liability, enforceable only in a court of law. Also see Conerty v. Richsteig, 379 Ill 360, 41 NE2d 476.

In Christensen v. Niedert, 259 Ill App 96, a foreclosure action was brought against one Kate W. Clarke, the then owner of property purchased from the Niederts, who had formerly owned the property and who had executed the notes and the trust deed. The Niederts and one Decker were also made parties to the suit. Among other things, it was alleged that Decker had endorsed each of the notes and guaranteed their payment upon the due date, subject to all the provisions of the trust deed. The court found that Decker had previously owned the premises and had previously owned and held the trust deed and signed the notes owned by the complainant, for the purpose of sale and solely for his own accommodation. The trial court held that both the Niederts and Decker were liable. The Supreme Court reversed the case as to Decker.

In First Nat. Bank of Chicago v. Marks, 304 Ill App 438, 26 NE2d 731, the court held that a deficiency decree cannot be taken against the guarantors of a note even though they were joined as parties-defendant in the suit to foreclose a mortgage. The court cited with approval Bride v. Stormer, 291 Ill App 502, 10 NE2d 208.

■ In the instant case, the counterdefendants in their brief argue in this court that the deficiency judgment is valid, although they admit that the Illinois cases have held that it is impossible in a foreclosure proceeding to get a deficiency judgment

against a guarantor; however, they argue that that law has been changed by amendment, c 95, § 23.6, Ill Rev Stats 1963. That section provides for a short form of pleading in suits to foreclose a mortgage, and paragraph (E) is as follows:

"A prayer for a personal deficiency decree shall be deemed and construed to mean that plaintiff prays that if the sale of the mortgaged premises fails to produce a sufficient amount to pay the amount found due in the decree, together with interest thereon and all costs of suit and expenses of sale, the plaintiff may have a personal deficiency decree against the persons indicated as being personally liable therefor and that execution may issue thereon as provided by law."

Paragraph (A) of section 23.6 sets out a form of complaint to be used in a suit to foreclose a mortgage, and among other things provides:

"(m) Name or names of persons claimed to be personally liable for deficiency, if a deficiency decree is prayed for: . . ."

Section 23.6 is a purely procedural amendment and it does not change the law in existence at the time the amendment was adopted. Had the legislature so intended they could very easily with apt words have expressed their intention to make guarantors liable for a deficiency judgment in a foreclosure action. A deficiency judgment could not be entered against Gale Johnson.

With reference to the question as to whether Gale Johnson was properly served so as to make her a party to this suit, attention must be given to section 17 of chapter 95, which provides that an execution upon a deficiency decree can only issue in cases where

personal service was had upon the defendant or defendants "personally liable for the mortgage debt, unless their appearance shall be entered in such suits." This section, made effective July 1, 1962, is practically the same as section 17 of the 1874 Act.

Gale Johnson was not made a party-defendant to the original suit brought by the City of Chicago against Chatham Bank and the Chicago Title and Trust Company to enforce certain ordinances of the City. She did, however, file a pro se appearance in the case on July 5, 1961. The Chatham Bank of Chicago and the Chicago Title and Trust Company, as trustees, parties to the original suit brought by the City of Chicago, were served and failed to appear in the case and a default was entered against them. The court ordered that the premises at 4700 North Beacon Street be vacated and boarded up before August 7, 1961, and that they should not be reoccupied until all violations were corrected. The matter was set for further hearing on August 8, 1961.

Gale Johnson, on July 24, 1961, filed an affidavit in court in support of an alleged motion to vacate the judgment entered against the City of Chicago and Chicago Title and Trust Company. The motion does not appear in the abstract nor does it appear from the abstract that any order was entered on the motion. In an affidavit filed by one of the attorneys for the Thordarsons it is stated that the court vacated the judgment and reset the matter for August 28, but nowhere does it appear what was done on August 28.

Subsequently, on September 22, 1961, a rule to show cause was issued on the petition of the City of Chicago. The rule recited that on August 3, 1961, an order was entered directing the defendants, Chatham Bank of Chicago and the Chicago Title and Trust Company, as trustees, to secure permits and do all work necessary to correct the violations set out in

the plaintiffs' complaint, and that on August 30, 1961, an order was entered against said defendants to vacate and board up certain other premises in the City of Chicago. It appearing that the Chatham Bank of Chicago and the Chicago Title and Trust Company, as trustees, had neglected or refused to comply with the orders, and that Gale Johnson, the beneficial owner of the premises, "interfered with the Tenants' Relocation Bureau of the City of Chicago in its effort to assist the tenants of the premises to obtain suitable living quarters and to so vacate the premises as ordered by this Court;" it was ordered that a rule to show cause be served upon Gale Johnson.

On September 29, the court entered an order finding Gale Johnson guilty of contempt of court which recited that it was in response to a rule to show cause entered on September 22, 1961, and found that the defendant, Gale Johnson, failed to comply with the order entered on the 30th day of August, 1961,* to vacate and board up the premises at 1416 West Leland Avenue and 4704 North Beacon Street, and that she interfered with the Tenants' Relocation Bureau. Nowhere does it appear in the record what order was entered on August 30, nor the basis of such order.

---

* The record as presented to this court is confusing and confused. Two orders were entered in the City of Chicago v. Chatham Bank of Chicago, et al. One on July 17, 1961, ordered the defaulting defendants (The Chatham Bank of Chicago and the Chicago Title and Trust Company) to cause the premises to be vacated and boarded up before August 7, 1961, and that they should not be reoccupied until all violations were corrected and all City ordinances complied with. It was also ordered that the Tenants' Relocation Bureau of the City of Chicago should assist the tenants of the building in finding suitable living quarters.

On August 30, 1961, the court entered an order that the aforementioned premises should be vacated and boarded up on or before September 20, 1961, to remain vacant until further order of the court.

In neither of these orders is there any mention of Gale Johnson.

416

As it appears from the footnote, the trial court could not properly have found Gale Johnson guilty of contempt for failure to comply with the order of August 30, 1961.

The intervention proceedings brought by the Thordarsons were brought under section 26.1 of the Civil Practice Act, which provides, among other things, that upon timely application anyone shall be permitted as a matter of right to intervene in an action when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof.

Paragraph (6) of that section provides:

> "An intervenor shall have all the rights of an original party, except that the court may in its order allowing intervention, whether discretionary or a matter of right, provide that the applicant shall be bound by orders, judgments or decrees theretofore entered or by evidence theretofore received, that the applicant shall not raise issues which might more properly have been raised at an earlier stage of the proceeding, that the applicant shall not raise new issues or add new parties, or that in other respects the applicant shall not interfere with the control of the litigation, as justice and the avoidance of undue delay may require."

In Hairgrove v. City of Jacksonville, 366 Ill 163, 8 NE2d 187, the trial court denied a party the right to intervene, and in that case the court said, at page 184:

> ". . . The authority of the court to permit a person not made a party to a suit to intervene, exists only when a full and complete determination can-

not be had without such person being made a party. (Bossert v. Drainage District, 307 Ill 425.) The right to intervene is not an absolute right and it has been held that where such intervention will result in the injection into a pending suit of issues which unduly complicate the case, intervention should be denied. (Ragland v. Wisrock, 61 Tex 391; Houston Real Estate Co. v. Hechler, 44 Utah 64, 130 Pac 1159.) The rule pertaining to intervention also is, that the intervenor must take the suit as he finds it. He is bound by the record of the case at the time of his intervention. He may neither change the issues between the parties nor raise new ones. He may not insist upon a change in the form of procedure nor delay the trial. (Wightman v. Evanston Yaryan Co., 217 Ill 371.) . . ."

The court further said, at page 185:

". . . Under section 25, which deals with the joinder of parties after the inception of the suit, it is provided that: 'Where a person not a party, has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party.' That section of the Civil Practice Act was construed in Bernero v. Bernero, 363 Ill 328, as applying to cases where a complete determination of the controversy cannot be had without the presence of other parties, and it was held that where one not a party has an interest or title which the judgment may affect, the court, on application, shall make him a party. It is further there said, 'but it says nothing about intervention, and, so far as we see, adds nothing to the existing law on that subject.' . . ."

418

In the case at bar there is no question that the Thordarsons had the right to file an original suit if they saw fit to so do. They did not, however, follow that method of procedure. It clearly appears that in the original suit brought by the City of Chicago against the Chatham Bank and the Chicago Title and Trust Company, Gale Johnson was not made a party, nor was she at any time thereafter made a party to the said suit. Generally, a person not made a party need not and cannot appear in an action unless the appearance is acquiesced in by the plaintiff or unless the third person makes himself a party by some recognized form of proceeding. 6 CJS Appearances § 5. See also Maltzman v. Hertz (Mass), 165 NE2d 749.

In the original case there was no indication that there was any agreement on the part of the City to permit the defendant to appear as a party-defendant. At no time was Gale Johnson a party to the original suit. At no time was any order entered by the court ordering Gale Johnson to board up the premises or to do anything whatsoever. When the Thordarsons filed their countercomplaint in accordance with leave given by the court at the time they filed their petition to intervene, they asked that Gale Johnson be made a party-defendant. On March 28, 1962, an original summons on the counterclaim was directed to Gale Johnson. There was no direction given to the sheriff to serve her nor was there any return of service made.

On November 14, 1961, the court entered an order that Gale Johnson, among other things, be made a counterdefendant in the proceedings; and it was further ordered that Gale Johnson, "who has heretofore filed her appearance in these proceedings pro se

419

answer the counterclaim of petitioners within 30 days of the date hereof." In the Thordarson petition filed May 29, 1962, in which they asked that a default be entered against Gale Johnson, they stated that the service of the counterclaim was had upon her by mailing a copy thereof to her last known place of residence, 4700 North Beacon Street, Chicago, Illinois.

On September 22, 1961, a rule to show cause was issued against Gale Johnson on the petition of the City of Chicago in the original suit. The rule recited that an order had been entered on August 3, 1961, directing the defendants, Chatham Bank of Chicago, as trustee, and Chicago Title and Trust Company, as trustee, to secure permits and do all work necessary to correct the violations complained of in plaintiffs' complaint, and that on August 30, 1961, an order was entered against the said defendants to vacate and board up the premises in question. It was also alleged that the said defendants did not comply with the order and that "Olive Johnson, the beneficial owner of said premises, interfered with the Tenants' Relocation Bureau of the City of Chicago in its efforts to assist the tenants of the premises to obtain suitable living quarters and to so vacate the premises as ordered by this Court."

A hearing was had on the rule to show cause, and in an affidavit appearing in the record made by James L. Fox, one of the attorneys for the Thordarsons, a statement was made that the rule to show cause was made returnable on September 28, 1961, and on that date

". . . the said OLIVE GALE M. JOHNSON was personally present before the Court and was attended by counsel. On said date, and without cause, said OLIVE GALE M. JOHNSON excused

herself during a recess of Court to answer a call of nature and thereafter fled the courtroom and courthouse. As a result of her conduct and her failure to comply with the aforesaid order of Court, she was found, in absentia, to be in wilful contempt of court and was ordered committed to the County jail for a period of thirty days. Said OLIVE GALE M. JOHNSON remained a fugitive for a period of 17 months and 6 days thereafter, concealing her whereabouts so that no process could be served upon her."

In that affidavit it is stated that the rule to show cause was entered against Gale Johnson for her failure to abide by the court's order of August 30, 1961, in failing to vacate and board up the premises. As we have pointed out, as a matter of fact, on August 30, 1961, no such order was entered against Olive Gale M. Johnson. The order was entered against the Chatham Bank of Chicago and the Chicago Title and Trust Company.

The affidavit further sets out that the Thordarsons were permitted to intervene and to file their complaint within ten days, and that Gale Johnson was ordered to make answer within 20 days thereafter. There is nothing in the record which shows that at the time the last order was entered Gale Johnson had received notice of the motion or that she was actually present in court at the time the motion was heard.* There was no attempt to comply with the Supreme Court rule.

---

* Rule 5 of the Illinois Supreme Court, par (2), provided: "Pleadings subsequent to the complaint, written motions and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead."

At the time the intervention was allowed Gale Johnson was neither a party in the suit nor had she been served or properly entered an appearance.

In order for a deficiency judgment to be entered, personal service must be served upon Gale Johnson. The attempt to bring her within the jurisdiction of the court by serving notices upon her at her last known address when the attorneys for the defendant admitted that she had disappeared and was not available for service, is not sufficient.

A judgment had been entered against the Chatham Bank and the Chicago Title and Trust Company, who were in default on July 17, 1961. A further judgment was entered against the said defendants on August 30, 1961. The order permitting the Thordarsons to intervene and file a counterclaim and ordering Gale Johnson to answer same was entered on September 22, 1961.

In Carr v. Edwards, 12 Ill App2d 369, 139 NE2d 836, Carr filed a statement of claim in the Municipal Court of Chicago against James Edwards and Checker Taxi Company for damages allegedly caused to his premises by them. The Checker Taxi Company was served with summons; Edwards was not. On January 6, 1955, the Checker Taxi Company filed an answer and a counterclaim. The answer denied negligence on its part and the counterclaim alleged that by reason of the negligence of Edwards an automobile belonging to Checker Taxi Company was damaged. On August 28, 1955, an alias summons was served on Edwards, which summons required him to answer the statement of claim of the plaintiff, and on September 13, 1955, a default was entered against him. He did not file an appearance or an answer. On October 19, 1955, the court entered judgment for the plaintiff

and against Edwards, and for the corporation and against Edwards on the counterclaim. The plaintiff's claim against Checker Taxi Company was dismissed. Edwards then filed a petition supported by an affidavit to vacate the judgment on the counterclaim. It was therein stated that he had no knowledge of the filing of a counterclaim until after the entry of the judgment. The court denied the motion and Edwards appealed from its order.

Rule 33 of the Municipal Court of Chicago then in effect provided that any demand against one or more plaintiffs may be pleaded as a cross-demand in any action, and that such counterclaim shall be a part of the answer. The court stated, at page 371 of Carr v. Edwards:

> "The provision of Rule 33 of the Municipal Court of Chicago that any demand by a defendant against a co-defendant, may be pleaded as a cross-demand in any action, does not exclude the elemental requirement of notice of the filing of a counterclaim to a co-defendant who has defaulted. It will be observed that a rule requires that a true copy of the statement of claim shall be served on each defendant with the summons. The cases cited by the appellant hold that on default the relief granted cannot exceed the specific prayer of the statement of claim. In our opinion it would be unreasonable to expect a defendant who had defaulted to anticipate that a co-defendant would file a counterclaim against him. The principle announced in the cases above cited is applicable to the facts of the instant case.
>
> "We do not find any rule specifically requiring that a co-defendant be given notice of the

filing of a counterclaim against him and that he be required to answer or otherwise plead thereto. We feel nevertheless that the rules intend that a co-defendant who becomes a cross-defendant and is in default in the case in chief should have notice of the pendency of the counterclaim and that this is required by elemental justice."

With this reasoning we agree, and the principle would logically apply with much greater emphasis when there is an intervention in a suit in which a judgment is sought against a person who heretofore has been neither a party-plaintiff nor a party-defendant in the original suit.

Under the circumstances in this case, and for all reasons stated, we hold that a judgment in personam could not be entered against Gale Johnson. The deficiency judgment against Gale Johnson is void. The order of the Superior Court of Cook County denying the petition of Gale Johnson to vacate the deficiency judgment heretofore entered by the trial court against her is reversed.

Reversed.

ENGLISH, P. J. and DRUCKER, J., concur.