GORDON E. EMERSON, JR., *et al.*, Plaintiffs-Appellants, *v.* LA SALLE NATIONAL BANK *et al.*, Defendants-Appellees.

Second District (1st Division)    No. 75-323

Opinion filed July 27, 1976.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, and Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellants.

Lawrence M. Freedman, of Ash, Anos, Harris & Freedman, of Chicago, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs filed a complaint in two counts, count I for foreclosure and sale of mortgaged real estate and count II for recovery on a separate instrument of guaranty. Under a consent decree, the court ordered the foreclosure and sale. The plaintiffs' bid at the sale resulted in a deficiency. The plaintiffs moved for summary judgment for the amount of the deficiency based on the guaranty under count II. The court denied plaintiffs' motion for summary judgment and dismissed the claim for the guaranty on defendants' motion brought under section 48(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)) on the ground that the decree of foreclosure and sale followed by the order approving the report of sale and distribution adjudicated all matters alleged in the complaint and constituted an election of remedies by the plaintiffs. Plaintiffs appeal.

They contend that their motion for summary judgment should have been granted because no material factual issues were created in the pleadings; that, in any event, the matter could not properly be decided against them on the basis of the affidavits and counteraffidavits; that they did not elect between remedies; and that the doctrine of election of remedies is inapplicable to the case. On September 7, 1972, the plaintiff loaned to La Salle National Bank, as trustee under Land Trust No. 44479, dated August 14, 1972, and not personally, and to Arnold Ornoff individually and as sole beneficiary under Land Trust No. 44479, the sum of $850,000. On the same date the Bank, as trustee and not personally, and Arnold Ornoff executed a promissory note for the sum of $850,000 and a loan agreement. Also, on the same date, the Bank executed a deed of trust in the nature of a mortgage describing real estate to secure payment of the indebtedness. The trust deed provided that the Bank was not personally liable for the mortgage indebtedness. In addition, on September 7, 1972, Arnold Ornoff and his wife, Sondra Ornoff, executed and delivered to the plaintiffs an unconditional personal guaranty of payment of the indebtedness.

After the borrowers had defaulted, the lenders on August 21, 1974, filed a two-count complaint. The first count named as defendants the Bank, Arnold Ornoff, and various other persons and entities who were subsequently defaulted. It sought foreclosure of the trust deed and substantially conformed to the statutory short form of complaint. See Ill. Rev. Stat. 1973, ch. 95, par. 23.6.

The second count of the complaint was predicated on the guaranty and sought a money judgment. Named as defendants in count II were Sondra

Ornoff (who had not been made a defendant under count I) and Arnold Ornoff.

The Bank, Arnold Ornoff, and Sondra Ornoff appeared by representation of common counsel. All three joined in the answer to count I. Sondra and Arnold Ornoff answered count II admitting execution and delivery of the unconditional guaranty but denying any liability under it. They also admitted failure to pay the indebtedness but stated that no indebtedness was due.

The decree of foreclosure and sale was entered on December 13, 1974. It stated that the Bank, Arnold Ornoff, and Sondra Ornoff had appeared as defendants. Each of them was given the right to redeem the premises within six months after the sale. The decree made no reference to the guaranty. It further provided: "The court also reserves and maintains jurisdiction of the subject matter herein and of the parties hereto for the purpose of entering such other and further orders, consistent with the provisions of this decree, as the court may deem advisable." Attorneys from the law firm representing the La Salle National Bank, Arnold Ornoff, and Sondra Ornoff endorsed their consent to the entry of the decree.

The plaintiffs bid $650,000 at the foreclosure sale leaving a deficiency of $164,413.26. On January 27, 1975, the trial judge entered an order approving the sale and distribution of the proceeds. A deficiency judgment in favor of the plaintiffs against the defendant, La Salle National Bank, was ordered.

On February 20, 1975, the plaintiffs moved for summary judgment in the amount of $164,413.26 against Arnold and Sondra Ornoff on the personal guaranty pursuant to count II of the original complaint. On March 10, 1975, the defendants responded to the plaintiffs' motion for summary judgment on count II seeking dismissal pursuant to section 48 of the Civil Practice Act. In their response they noted that the foreclosure decree did not limit itself to count I, that it named a defendant, Sondra Ornoff, who was not involved in count I, and alleged that they had consented to the decree in full settlement of the matter. Subsequently, the plaintiffs filed a memorandum in support of the motion for summary judgment on count II supported by an affidavit which alleged that prior to the entry of the consent decree the attorneys for the plaintiffs agreed to extend to the Bank and both of the Ornoffs a six-month redemption period although the redemption period had been waived by the mortgagor in the deed of trust and also agreed to seek personal liability against the Ornoffs only under the guaranty. It was stated that therefore no deficiency judgment was taken against Arnold Ornoff and that at all times it was clearly understood that the plaintiffs were not waiving any

claims they might have had under the guaranty when the consent decree was entered. Defendants' affidavit asserted that defendants only sought the granting of a redemption period to the Bank and to Arnold Ornoff and not to Sondra and that pursuant to the agreement between the attorneys for the parties the defendants specifically reserved any and all rights to defend claims asserted against them on the personal guaranty.

On April 15, 1975, the trial judge filed a memorandum opinion in which he concluded as a matter of law that the plaintiffs elected to take a final judgment decreeing the sale of the property in full satisfaction of the indebtedness basing his holding on *Travelers Insurance Co. v. Mayo,* 70 Ill. App. 627, 630-31 (1896).

In the final order of May 12, 1975, the court refused to reconsider the opinion but stated that the opinion was:

" [H]ereby clarified to provide that the Motion of Plaintiffs for Summary Judgment of Count II of the Complaint in the within proceedings be and is hereby denied, the Court further sustaining the response to said Motion such that all matters in controversy in this cause reached final disposition in the final decree heretofore entered herein, the Court further finding that Plaintiffs have made an election of remedies."

We conclude that it was error for the court to enter on this record what, in effect, amounted to a final judgment which relieved defendants of any obligation under the instrument of guaranty which they admitted having executed.

■■ First, the procedure followed was erroneous. Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48) as here material provides essentially that if the claim asserted against defendants is barred by affirmative matter avoiding the legal effect of the claim and a material and genuine disputed question of fact is raised, the court may decide the motion upon the affidavits and evidence offered by the parties. However, where a section 48 motion for involuntary dismissal is made on the ground that the claim asserted by the plaintiff has already been disposed of and the issue of the prior disposition is controverted in the respective affidavits, the truth of which cannot be determined on the record, the trial court may not grant the section 48 motion without taking further evidence. See *Greenstein v. Nogle,* 5 Ill. App. 3d 594, 599 (1972); *cf. Chapman v. Huttenlocher,* 125 Ill. App. 2d 39, 46-47 (1970).

Since no evidentiary hearing was held, we must examine the record to determine whether the undisputed facts presently in the record support the trial court's conclusion that the proceedings to date constituted adjudication of all the claims in the original complaint or that the plaintiffs made an election of remedies. We find no basis in the record to

support these conclusions either as a matter of fact or as a matter of law.

It is the defendant's position that the record shows that the plaintiffs prepared and submitted a decree which on its face encompassed matters covered in both counts I and II of the complaint and failed to reserve any rights with respect to the guaranty referred to in count II. They reason that therefore the decree of foreclosure and sale was a conclusive prior adjudication which barred further action under the guaranty. This argument, however, cannot be supported by any express factual references. It is based upon implications from the facts that the decree made no distinction between the two counts, that it addressed itself to the rights of Sondra Ornoff who was not made a party to count I, and that the deficiency judgment was taken solely against the mortgagor, the La Salle National Bank, as trustee under Trust No. 44479, although the foreclosure complaint named Arnold Ornoff as the person claimed to be personally liable if a deficiency occurred.

From our reading of the decree of foreclosure and sale we find no basis for the implication that it is addressed to all issues. The mere fact that the decree does not refer expressly to either count I or count II appears to us to be immaterial. The references throughout are to the foreclosure of the mortgage lien and the sale of the property with no reference to the guaranty. This is consistent with the fact that the guaranty was alleged in the separate count II. The relief which is granted is the equitable relief prayed for in count I, namely, the foreclosure of the mortgage and the sale of the premises. Moreover, the order approving the report of sale and distribution also does not mention the guaranty.

The fact that Sondra Ornoff is referred to in the decree, although she is not made a party defendant under count I, is of little aid to defendants. Sondra Ornoff did, in fact, answer count I. Further, according to the affidavits, she had been given a right of redemption as an incident of negotiations between counsel leading to the consent decree, to which she would not have been entitled because of the fact that she was neither a beneficiary of the trust in title to the property nor maker of the mortgage instruments. These facts would fully account for the reference to Sondra Ornoff in the decree consistent with the position of plaintiffs.

The fact that the complaint alleged that Arnold Ornoff would be liable for any deficiency even with the further fact that the deficiency was taken pursuant to the report of sale and distribution against the La Salle Bank, as trustee, does not, without more, support defendant's conclusion that plaintiffs thereby waived their rights to proceed under the instrument of guaranty.

■■ The right in any foreclosure proceedings to proceed against the property and, in addition, to secure a money judgment for any deficiency, provided the creditor receives only one full satisfaction, is

clear. See *Rohrer v. Deatherage,* 336 Ill. 450, 455 (1929); *Markus v. Chicago Title & Trust Co.,* 373 Ill. 557, 560-61 (1940).

It is true that where a creditor voluntarily takes a personal judgment against only one of a number of defendants equally liable for the debt and over whom the court has jurisdiction, he may not bring a subsequent action to obtain the deficiency judgment against one of the parties who was not made liable for the deficiency in the earlier action. See *Skolnik v. Petella,* 376 Ill. 500, 507 (1941); *Travelers Insurance Co. v. Mayo,* 70 Ill. App. 627, 630 (1896).

However, in *Travelers Insurance Co. v. Mayo,* 70 Ill. App. 627 (1896), the case upon which the trial court principally relied for its conclusion that the plaintiffs were barred from adjudicating the merits of the separate instrument of guaranty, no separate instrument of guaranty was involved.

■■ The action against guarantors of a note is separate from the remedy by foreclosure and sale. *(Berea College v. Killian,* 304 Ill. App. 296, 299-300 (1940).) The entry of a deficiency decree against a principal is not res adjudicata of the guarantor's liability. *First National Bank v. Marks,* 304 Ill. App. 438, 440-441 (1940).) In fact, a personal judgment under a guaranty cannot be obtained in an action based on the statutory short form foreclosure complaint provided in section 7 of the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1973, ch. 95, par. 23.6). See *City of Chicago v. Chatham Bank of Chicago,* 54 Ill. App. 2d 405, 411-14 (1964); see also *Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.,* 7 Ill. App. 3d 106, 108-9 (1972); and see *First National Bank v. Marks,* 304 Ill. App. 438 (1940), to the same effect under prior law.

■■ We find, therefore, that the failure to take a deficiency judgment against Arnold Ornoff is consistent with plaintiffs' uncontradicted contention that they intended to proceed to make themselves whole solely under the guaranty. The taking of the deficiency decree against the trustee is not in and of itself any indication that the plaintiffs elected to forego their rights against parties allegedly secondarily liable even though they were within the court's jurisdiction in the foreclosure proceedings.

We note that the record, as it presently stands, appears to present questions of fact, not resolved by the trial court, and questions of law, not raised or briefed before us or elsewhere in the record, which may have some bearing on the enforceability of the contract of guaranty.

In view of the summary nature of the proceedings in the trial court and the unusual posture of the case as it was submitted to us, we shall not attempt to raise or resolve these questions.

For these reasons we hold simply that on this record, the plaintiffs cannot be charged with a mandatory election of remedies. Further, on the record before us there is not proof which could lead to summary

adjudication on behalf of either plaintiffs or defendants of the question whether the plaintiffs' rights under the guaranty were either adjudicated or abandoned.

We therefore reverse the judgment of the trial court and remand the cause with directions to vacate the order dismissing count II of the plaintiffs' complaint and to proceed in accordance with this opinion.

Reversed and remanded with directions.

HALLETT and GUILD, JJ., concur.