**BA MORTGAGE AND INTERNATIONAL REALTY CORPORATION,**
Plaintiff,

v.

**LaSALLE NATIONAL BANK as Trustee under Trust Agreement dated April 15, 1974 and known as Trust No. 47441, et al., Defendants.**

**BA MORTGAGE AND INTERNATIONAL REALTY CORPORATION,**
Plaintiff,

v.

**LaSALLE NATIONAL BANK as Trustee under Trust Agreement Nos. 100456 and 100474, et al., Defendants.**

**BA MORTGAGE AND INTERNATIONAL REALTY CORPORATION,**
Plaintiff,

v.

**LaSALLE NATIONAL BANK, as Trustee under Trust Agreement dated April 7, 1974, and known as Trust No. 44669, et al., Defendants.**

Nos. 80 C 5509, 80 C 5510 and 80 C 5836.

United States District Court, N. D. Illinois, E. D.

Feb. 18, 1982.

Michael Weininger, Marks, Katz, Johnson, Randall, Weinberg & Blatt, Chicago, Ill., for plaintiff.

Robert C. Thomas, Main & Thomas, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff BA Mortgage and International Realty Corporation ("BA Mortgage") is the holder of three separate notes executed by the LaSalle National Bank as Trustee and secured by separate mortgages on property in DuPage and Cook Counties in Illinois. Defendant Arthur Sheridan is the guarantor of these obligations for the benefit of BA Mortgage. Plaintiff originally brought this foreclosure action in separate complaints on each note naming, *inter alia*, the LaSalle National Bank and Sheridan as defendants. Diversity jurisdiction was alleged pursuant to 28 U.S.C. § 1332. On

July 14, 1981, the Court found in this consolidated action that each of the underlying trusts were in default under the terms of the notes. The Court accordingly entered a Decree of Foreclosure and Sale. The matter presently before the Court is defendant Sheridan's three motions to dismiss and plaintiff's three motions for summary judgment relating to an additional count in each complaint seeking a deficiency judgment against the guarantor of the notes. For the reasons stated below, defendant Sheridan's motions to dismiss are denied and plaintiff's motions for summary judgment are granted.

█ In support of his motions to dismiss and in opposition to plaintiff's motions for summary judgment, defendant Sheridan alleges that Illinois law bars this Court from entertaining plaintiff's claims for a deficiency judgment against the guarantor in each case. The defendant argues that such a claim cannot be raised in the same complaint which seeks, albeit in a separate count, the foreclosure and sale of the mortgaged real estate at issue. Upon review of the relevant Illinois law, this Court is satisfied that no such bar exists and defendant's motion to dismiss must be denied.

As a general proposition in Illinois, "a personal judgment under a guaranty cannot be obtained in [a forfeiture] action based on the statutory short form complaint provided in Section 7 of the Illinois Mortgage and Foreclosure Act." *Emerson v. LaSalle National Bank*, 40 Ill.App.3d 794, 799, 352 N.E.2d 45 (2d Dist. 1976). Moreover, the initial foreclosure counts of plaintiff's complaints in these cases were based on the statutory short form as provided by Illinois law. Ill.Rev.Stat.1979, ch. 95, § 23.6. The separate counts of these complaints seeking a deficiency judgment against defendant Sheridan, however, are separate causes of action under the Illinois Civil Practice Act. *See generally* Ill.Rev.Stat.1979, ch. 110, § 33(2). The general Illinois rule invoked by defendant Sheridan does not prevent plaintiff from bringing a separate cause of

action against the guarantor in a separate count of the same complaint seeking forfeiture and sale of the mortgaged property. *National Bank of Austin v. First Wisconsin National Bank of Milwaukee*, 53 Ill.App.3d 482, 491 n.2, 10 Ill.Dec. 633, 368 N.E.2d 119 (2d Dist. 1977).

In *Emerson v. LaSalle National Bank*, 40 Ill.App.3d 794, 352 N.E.2d 45 (2d Dist. 1976), cited by both parties, the Illinois Appellate Court reviewed a complaint similar to those filed in the present case. The first count of the *Emerson* complaint sought foreclosure of a trust deed and substantially conformed to the statutory short form. The second count, as here, sought a deficiency judgment from the guarantor. The trial court ordered the foreclosure and sale of the mortgaged property pursuant to count one and dismissed count two on the grounds that resolution of the first count adjudicated all matters alleged in the complaint and constituted an election of remedies by the plaintiffs. *Id.* at 795, 352 N.E.2d 45. The Appellate Court subsequently reversed and remanded the cause to the trial court with directions to reinstate the count seeking a deficiency judgment from the guarantor. This disposition itself reflects that, under Illinois law, a single complaint can assert a forfeiture claim on a note in one count and a deficiency claim predicated on a separate guaranty in another count.

The significance of *Emerson* to the present case is heightened by the fact that the general rule against combining a forfeiture claim with a deficiency claim in the same cause of action was cited by the Court in support of its final disposition of the case. The Court reasoned that because a forfeiture claim must be a separate and distinct cause of action from a deficiency claim in Illinois, the trial court's disposition of the forfeiture count could not itself justify dismissal of the deficiency count. As the result manifests, the Court did not hold that the two counts could not be asserted separately in a single complaint.[1] No such doc-

---

1. Defendant Sheridan also cites *City of Chicago v. Chatham Bank of Chicago*, 54 Ill.App.2d 405,

203 N.E.2d 788 (1964) and *Mortgage Syndicate v. Do and Go Equipment*, 7 Ill.App.3d 106, 286

trine exists under Illinois law. Accordingly, defendant Sheridan's motion to dismiss must be denied.

Plaintiff has moved for summary judgment in each of these cases pursuant to Rule 56 of the Federal Rules of Civil Procedure on the deficiency counts asserted against defendant Sheridan as guarantor. It is undisputed in each case that the underlying trusts have defaulted under the terms of the notes and that proceeds from the sale of the property ordered by this Court were insufficient to satisfy the debt. Accordingly, this Court has previously entered deficiency judgments against LaSalle Trust No. 47441 in the amount of $67,502.19. LaSalle Trust Nos. 100456 and 100474 in the amount of $560,011.24 and LaSalle Trust No. 44669 in the amount of $272,823.62. It is also undisputed that these debts remain unsatisfied.

■ In addition to asserting the same theory of pleading advanced in his motions to dismiss and previously rejected by this Court, *supra*, defendant Sheridan has responded to plaintiff's motions for summary judgment on the deficiency counts by raising a number of factual issues and affirmative defenses not raised and, in some instances, contradicted by his answers filed before this Court. For purposes of this motion, defendant has not filed any affidavits in support of his factual allegations or affirmative defenses. After careful review of those allegations, this Court is unable to find a material issue of fact and, accordingly, will grant plaintiff's motions for summary judgment.

In support of a motion for summary judgment, the moving party has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in his favor as a matter of law. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir. 1979);

*Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976). The non-moving party is entitled to all reasonable inferences that can be made in its favor from the evidence in the record. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Moutoux v. Gulling Auto Electric*, 295 F.2d 573, 576 (7th Cir. 1961). While the non-moving party is entitled to all reasonable inferences in its favor, it must affirmatively set forth specific facts in affidavits or otherwise demonstrate that there are issues that must be decided at trial in response to the moving party's assertions that no genuine material issues of fact exist. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 560 (7th Cir. 1970). The non-moving party cannot create an issue of material fact through conjecture or speculation as to what evidence might be adduced at trial or what might be turned up by further discovery. *Abiodun v. Martin Oil Service, Inc.*, 475 F.2d 142, 144 (7th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973); *Kirk v. Home Indemnity Co., supra; O'Brien v. McDonald's Corp.*, 48 F.R.D. 370, 373–74 (N.D.Ill.1970); 6 Moore's Federal Practice ¶ 56.17 (2d ed. 1966).

■ In all three cases presently before this Court, defendant Sheridan has alleged for the first time in his response brief that a summary judgment would deny him the opportunity to demonstrate at a full evidentiary hearing that the guaranties at issue in this case were obtained by duress. Even in these briefs, however, the defendant has not alleged that the guaranties were in fact obtained by duress. Moreover, the defendant has failed to plead or otherwise allege any facts whatsoever in support of this potential allegation. The defendant's oblique reference to duress falls far short of the showing necessary to withstand a motion for summary judgment. The failure to

---

N.E.2d 520 (1972) in support of the general rule against combining forfeiture and deficiency claims. Neither of these cases, however, address the issue whether these claims can be brought as separate counts in a single com-

plaint under Illinois law. Indeed, it is clear that in both cases, plaintiffs attempted to combine such claims in a single count. Plaintiff in the present case segregated its claims into separate counts.

plead such an affirmative defense results in the waiver of that defense. *Cf. Roe v. Sears, Roebuck & Co.*, 132 F.2d 829, 832 (7th Cir. 1943); *Federal Savings & Loan Insurance Corp. v. Szarabajka*, 330 F.Supp. 1202, 1203 (N.D.Ill.1971); *First National Bank of Lincolnwood v. Keller*, 318 F.Supp. 339, 345 (N.D.Ill.1970).

 In 80 C 5510, defendant Sheridan also argues for the first time in his response brief that "no exhibits are attached to the Complaint demonstrating that Defendant agreed to or executed an additional guaranty to the first extension [of the note and mortgage]." Def. Response at p.2. The defendant fails to affirmatively allege, however, that he never agreed to or executed such an additional guaranty. The defendant also fails to allege or otherwise show any facts supporting this potential defense. Indeed, as evidenced by exhibits submitted by plaintiff in support of its motion for summary judgment, the defendant did, in fact, execute an additional guaranty to the first extension. Moreover, the "Second Consent of Guarantor," executed by the defendant on March 21, 1980, and attached as Exhibit 12 to the original complaint, expressly acknowledges the first extension. In this light, the defendant's indirect suggestion that the complaint is insufficient or that he may never have agreed to or executed an additional guaranty to the first extension falls well short of the showing necessary to survive a motion for summary judgment.

In 80 C 5836, defendant argues that because the copy of the guaranty attached to the plaintiff's complaint is not signed by the defendant, the guaranty cannot be enforced against him. This argument is disingenuous. Again the defendant does not deny that he signed the guaranty. Indeed, his answer to plaintiff's original complaint *admits* that he signed the guaranty. In this context, under state as well as federal principles of pleading, the fact that plaintiff attached an unexecuted copy of the guaranty in the original complaint does not establish a genuine issue of material fact for purposes of this motion.

Defendant finally argues that "there is no extension of guaranty attached to this Complaint that would conform with the amendment and modification to Junior Mortgage or Modification to Principal Note." Defendant's Resp. at p.2. In addition to failing to allege a material fact in issue, this statement flatly contradicts the admissions in defendant's answer. Accordingly, this Court finds no genuine issue of fact sufficient to deny summary judgment.

For the reasons stated above, the Court denies defendant Sheridan's motions to dismiss Count III in 80 C 5509 and 80 C 5510 and Count II in 80 C 5836. The Court grants plaintiff's motions for summary judgment against defendant Arthur Sheridan in Count III of 80 C 5509 for the amount of $67,509.19 and costs, in Count III of 80 C 5510 for the amount of $560,011.24 and costs, and in Count II of 80 C 5836 for the amount of $272,823.62 and costs. It is so ordered.

