**Berea College, Appellee, v. Victor J. Killian et al., Appellants.**

**Gen. No. 40,487.**

Heard in the second division of this court for the first district at the December term, 1938. Opinion filed April 2, 1940.

WILLIAM N. BRADY and J. V. SCHAFFENEGGER, both of Chicago, for appellants.

PACKARD, BARNES, McCAUGHEY & SCHUMACHER, of Chicago, for appellee; GEORGE PACKARD, of counsel.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal by defendants, Victor J. Killian, William L. Wente, Walter S. Murray and Roger Sinclair, seeks to reverse a summary judgment entered against them in an action at law brought by plaintiff to recover the balance due on certain notes, the payment of which they guarantied. This balance was shown by the amount of a deficiency judgment rendered in favor of the plaintiff in a prior foreclosure proceeding.

The facts briefly stated are that on March 20, 1932, the Chicago Title & Trust Company, as trustee, executed certain promissory notes payable only out of the funds of its trust No. 20444 and secured the payment of same by its trust deed conveying the real estate in said trust. The defendants here were the equitable owners of the property and as such the beneficiaries of trust No. 20444. By their indorsement in writing on the reverse side thereof, the defendants guarantied the payment of the notes. Default having been made in the payment of the two notes, one for $3,000 and the other for $41,000, a foreclosure proceeding was instituted in the superior court by Oliver A. Bestel, nominee of the planitiff herein, Berea College. Among the defendants named in the foreclosure action were two of the guarantors, William L. Wente and Walter S. Murray, who were served with summons, appeared and answered and remained parties defendant throughout that proceeding until the final decree was entered therein. The other two defendants in the case at bar, V. J. Killian and Roger S. Sinclair, were not named defendants in the complaint to foreclose. Killian, how-

ever, filed his appearance in that action and joined in the answer of Wente and Murray. Sinclair never appeared personally in that cause but service was had as to him by publication as an unknown owner. A decree of foreclosure and sale was entered and a sale had pursuant thereto. The master reported a deficiency and while no personal judgment as to such deficiency was asked or granted against any of the defendants in the foreclosure case, the court in confirming the sale did decree that there was $14,274.01 still due the plaintiff therein after applying the proceeds of the sale on the mortgage indebtedness. Net rentals from the property amounting to $4,891.90, collected by the receiver during the period of redemption, were applied to the deficiency, reducing same to $9,382.11. Bestel, plaintiff in the foreclosure case, by an appropriate instrument in writing, assigned his right and interest in the deficiency judgment rendered in his favor therein to the plaintiff here, Berea College. As heretofore stated, this action was brought by plaintiff to recover from the defendants as guarantors the balance due on the aforesaid notes as shown by the amount of said deficiency judgment. The judgment for $10,828.51 entered herein on April 22, 1938, from which defendants prosecute this appeal, represents the net deficiency of $9,382.11, with interest thereon from March 23, 1935.

Plaintiff's motion for summary judgment was supported by an affidavit which set forth the deficiency judgment entered in the prior foreclosure suit, the assignment in writing of same by Oliver A. Bestel to the plaintiff, Berea College, the ownership by plaintiff of the notes evidencing the mortgage indebtedness, the guaranty of payment of said notes indorsed thereon by the defendants, and a statement of the balance due on the notes based on said deficiency judgment as reduced by the receipts of the receiver after the master's sale.

Defendants' principal contention, as stated in their brief, is "that certain of these defendants having been

made parties to the foreclosure action and such defendants having been served with summons, appeared and answered and continued in the foreclosure case throughout, a deficiency judgment should have been taken against such defendants in that case and that not having been done the present action is barred and the deficiency decree is *res judicata* as to them.''

Plaintiff's theory is that it is entitled to the summary judgment rendered, because it is the holder of the notes in question, the payment of which was absolutely guarantied by the four defendants, ''by their separate contract of guaranty, upon which notes, as a result of a proceeding *in rem* to foreclose the land securing the payment of the notes, a certain amount represented by the judgment appealed from, was due''; and that ''there was no deficiency decree *in personam* against anyone, nor was such a step obligatory under the Statute.''

The same contention made by defendants here was urged by the defendant in *Skolnik v. Petella,* 304 Ill. App. 331, the opinion in which case is filed concurrently with this opinion. Notwithstanding that there was a somewhat different factual situation in the *Skolnik* case, many of the principles and rules of law involved and discussed in our opinion in that case are equally applicable to the question presented on this appeal.

Since it was not obligatory upon the plaintiff in the foreclosure proceeding involved in the instant case to ask for or secure a personal judgment against any defendant therein for the deficiency shown after the sale of the mortgaged premises and since plaintiff in that proceeding did not request or procure a personal judgment for the deficiency against any defendant therein, for the reasons stated in the *Skolnik* case the plaintiff in this case clearly had the right to bring this action at law to recover the balance due on the notes in question as shown by the amount of the said deficiency. The separate and independent liability of the defendants as guarantors remains unaffected by such action as was

taken in the foreclosure suit except in so far as that action resulted in a diminution of the debt for which the guarantors are liable and of this they are of course in no position to complain.

It is also contended "that defendants are entitled to credit for a part of the value of the premises and the income from such part after the Master's deed inasmuch as the plaintiff never acquired the equity of redemption vested in Roger Sinclair. He was not made a party to the foreclosure action by name but the plaintiff contends he was brought in, as an 'unknown owner.' The position of the defense is that plaintiff's agents knew of Sinclair's interest and could not give the court jurisdiction over him by an affidavit and publication and that consequently the decree and sale were wholly ineffective to pass his interest." There is no merit in this contention.

In resisting plaintiff's motion for summary judgment defendants filed an affidavit which set forth that "the plaintiff knew and had notice by reason of such indorsement (contract of guaranty) and the signatures of the defendants thereon that said defendants were such beneficial and equitable owners" and that from the date of the execution of said contract of guaranty and "at all times since said date continuously, the said defendants, Victor J. Killian, William L. Wente, Walter S. Murray and Roger S. Sinclair, were and have been and now are residents of the County of Cook, State of Illinois and that process could have been served upon them and each of them." An attempt is thus made to collaterally attack the validity of the foreclosure decree in so far as it affected the rights of Sinclair in the mortgaged premises by suggesting that, since he was served only by publication in the foreclosure suit as an unknown owner or as one having some interest in the property, such notice was improper and insufficient to confer upon the court jurisdiction of Sinclair's person when the plaintiff in said proceeding

knew his status as an equitable owner of the property and that he had continuously resided within the jurisdiction of the court and could have been personally served with process.

Sinclair was not even a necessary party to the foreclosure suit (*Hirsh v. Arnold,* 318 Ill. 28; *Witting v. Claras,* 274 Ill. App. 449) and the foregoing allegations of defendants' affidavit are not sufficient in themselves to warrant the conclusion that he was not properly before the court in that case. In any event the defendants as guarantors are not concerned legally with the steps taken to foreclose the mortgage. Plaintiff could have sued defendants for the entire balance due on the notes before the foreclosure if it had seen fit to do so and the guarantors were liable to a judgment for the full amount due on said notes. Surely they cannot be heard to complain in this cause about the foreclosure proceeding which materially decreased the amount of the indebtedness they were liable for as guarantors. The only issue before us on this appeal is the propriety of the summary judgment rendered on the affidavits submitted. Regardless of what transpired in the foreclosure proceeding, the independent liability of Sinclair, as well as that of his codefendant guarantors, remains unaffected in so far as the proceeds of the sale of the property in the foreclosure suit failed to satisfy the mortgage indebtedness.

Since no defense was presented by defendants' answer to plaintiff's claim against the defendant guarantors for the balance due on the notes in question and since the affidavits filed by them show no good reason why the summary judgment in favor of plaintiff should not have been entered, said summary judgment of the superior court should be and it is affirmed.

*Judgment affirmed.*

FRIEND and SCANLAN, JJ., concur.