**MARATHON FINANCE COMPANY, a Delaware Corporation, Plaintiff,**

v.

**Henry W. DISHAROON, Defendant.**

**No. 86 C 374.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 13, 1987.

Sherwin J. Malkin, Sherwin J. Malkin, Ltd., Chicago, Ill., for plaintiff.

Kenneth E. Kaiser, Palatine, Ill., John E. McNeal, Warsawsky & McNeal Assoc., Chicago, Ill., for defendant.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

This action arises out of guarantees of two installment notes secured by real es-

tate in Cook County, Illinois. Plaintiff-mortgagee Marathon Finance Company seeks to recover from defendant guarantor Henry W. Disharoon the amount due on the notes, plus interest, less the amount credited to the mortgagor when plaintiff purchased the two properties at a foreclosure sale.

Plaintiff has moved for summary judgment on the single count in the complaint. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Because no genuine issues of material fact remain in the action, plaintiff's motion for summary judgment is granted.

## FACTS

For the purposes of this motion, the facts are not in dispute.[1] On December 2, 1982, Pioneer Bank & Trust Co. ("Pioneer"), as trustee, executed installment notes for the sums of $80,000 and $65,000 payable to Cheker Oil Company ("Cheker"). The notes were secured by mortgages on properties in Country Club Hills and Hazel Crest, Illinois, respectively. In addition, as part of the consideration for the notes and simultaneously with their execution, defendant gave a written absolute guaranty of payment on the notes. Cheker subsequently assigned both notes to plaintiff.

In January, 1985, Pioneer defaulted on the notes by failing to make payments after due demand from plaintiff. Plaintiff did not notify defendant of the default, but did name defendant as a party when it instituted foreclosure proceedings on the two properties. Defendant, however, never received such notice and did not file an appearance in the action.

On November 19, 1985, the Circuit Court of Cook County, Illinois, rendered Judgments for Foreclosure and Sale pursuant to the Illinois short form foreclosure statute, S.H.A. ch. 110 ¶ 15–101 et seq. At a judicial sale held by the Sheriff of Cook County on January 14, 1986, plaintiff purchased both properties. Plaintiff paid $15,000 for the property securing the $80,000 note and $75,000 for the property securing the $65,000 note. No deficiency judgments were obtained against either Pioneer or defendant in the foreclosure proceedings.

On January 17, 1987, plaintiff filed suit in this Court against defendant to recover the balance still due on the installment notes. Defendant raised a number of defenses in his answer. However, after plaintiff filed its motion for summary judgment with supporting memorandum and affidavits, defendant narrowed its defense substantially.

Defendant now asserts that he owes nothing to plaintiff under the guarantees because the total value of the properties securing the notes exceeds the amounts due on them. He does not claim that plaintiff committed any fraud or other wrongdoing with respect to the sale. Nor does he challenge the $75,000 price paid by plaintiff for the Hazel Crest property. He does claim, however, that the real value of the Country Club Hills property was $125,000 —rather than the $15,000 plaintiff paid at the judicial sale—and that, because the $15,000 purchase price was so inadequate as to "shock the conscience," this court should credit him $125,000 for that property. This would bring the total value of the two properties to $200,000, far in excess of the amounts due on the two notes, and, defendant claims, release him from liability on the guarantees.

## DISCUSSION

This court may grant summary judgment for plaintiff only if there exist no genuine issues of material fact to be resolved by the fact-finder. Fed.R.Civ.P. 56(c). In this case, there does exist an unresolved issue of fact—the value of the Country Club

---

1. Although defendant's answer denies a number of the factual allegations of the complaint, defendant has not presented any affidavits or other materials to contest the factual assertions contained in plaintiff's affidavits and exhibits. Thus, for the purposes of this summary judgment motion, plaintiff's version of these facts can be viewed as undisputed. Fed.R.Civ.P. 56(e). *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

Hills property.[2]  Unfortunately for defendant, this issue is not material to the resolution of this case.  *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983) ("a factual dispute does not preclude summary judgment unless ... the disputed fact is outcome determinative under the governing law").

Had plaintiff chosen not to foreclose on the property, but instead filed suit against defendant immediately upon Pioneer's default, resolution of this case would not be difficult.  As absolute guarantor of the note, defendant became liable to plaintiff as soon as Pioneer defaulted.  *I.L.P.* Guaranty § 49 at 549.  "Plaintiff could have sued defendants for the entire balance due on the notes before the foreclosure if they had seen fit to do so and the guarantors were liable to a judgment for the full amount on said notes."  *Berea College v. Killian,* 304 Ill.App. 296, 301, 26 N.E.2d 650 (1940).

The complication here arises from plaintiff's choice not to seek immediate recovery from defendant, but instead to foreclose on the property which secured the notes and then seek the unrecovered balance from defendant.  Although plaintiff argues that defendant cannot complain about this sale because its sole effect was to reduce the amount that defendant owes, this argument ignores another important effect of the sale—the forfeiture of Pioneer's interest in the property securing the notes.  When the properties were sold, defendant lost the security they provided for his guarantees.  *See* 38 Am.Jur.2d, Guaranty, § 127 at 1135–36 (guarantor has right of subrogation against principal).  If plaintiff paid too little for the property, then the amount credited to defendant will not adequately offset this loss of security.

Nevertheless, plaintiff maintains that the burden of this loss should fall solely on defendant.  It points to a series of cases in which Illinois courts have held that, where property securing debt obligations is sold

pursuant to a judicial sale, the debtor or any other interested party may only challenge the value established at the sale if there is evidence of fraud or other irregularity.  *See Gaskin v. Smith,* 375 Ill. 59, 36 N.E.2d 624 (1940); *Loeb v. Stern,* 198 Ill. 371, 64 N.E. 1043 (1902); *Banker's Trust Co. v. Chicago Title & Trust Co.,* 89 Ill. App.3d 1014, 45 Ill.Dec. 309, 412 N.E.2d 660 (1980); *First Granite City National Bank v. Champion,* 130 Ill.App.2d 970, 268 N.E.2d 35 (1970).

Yet those cases were predicated, at least in part, on the ability of mortgagors and other interested parties to redeem foreclosed property within the statutory redemption period.  S.H.A. ch. 110, ¶ 15–1603. The possibility of redemption substantially reduces the likelihood that mortgagees will underpay at judicial foreclosures.  A mortgagee who forecloses on property and then purchases it for an unreasonably low price runs the risk that an interested party will redeem the property at that low price, and thereby deprive the mortgagee of the property securing the debt.  *See Skach v. Sykora,* 6 Ill.2d 215, 221, 127 N.E.2d 453 (1955).

The instant case thus differs from the cited cases in an essential respect—defendant here did not receive notice of the foreclosure proceedings or subsequent sale.  He could not protect his interest in the property, or prevent plaintiff from paying too little for it, because he did not learn of the sale until too late.  In these circumstances, the above rationale for rejecting challenges to judicial sales absent fraud or other irregularity does not obtain.

Nevertheless, plaintiff must prevail in this case.  Illinois law simply does not extend to guarantors the right to notice or appearance at foreclosure proceedings or judicial sales.  S.H.A. ch. 110 ¶ 15–1501(a); *Berea College v. Killian, supra.*  "The action against guarantors of a note is separate from the remedy by foreclosure and sale."  *Emerson v. LaSalle National Bank,* 40 Ill.App.3d 794, 799, 352 N.E.2d 45 (1976).  Although no Illinois court has ad-

---

**2.**  Defendant has submitted the affidavit of a real estate expert valuing the property at approximately $125,000.  For the purposes of this mo-

tion for summary judgment, this affidavit suffices to create a genuine issue as to the value of the property.

dressed the issues presented here directly, the relevant cases strongly suggest that, at least absent a showing of fraud or other wrongful conduct, an absolute guarantor may not challenge the value established at the judicial sale. *See First Granite City National Bank v. Champion, supra; Berea College v. Killian,* 304 Ill.App. at 301, 26 N.E.2d 650 ("the defendants as guarantors are not concerned legally with the steps taken to foreclose the mortgage").

Although this result may appear harsh, this harshness stems not from the legal rule, but from defendant's voluntary undertaking. As guarantor, defendant could have set any limits or conditions on his liability as he deemed necessary to protect his interests. *Kreizelman v. Stevens,* 381 Ill. 73, 44 N.E.2d 873 (1942). Here, he did not.

Instead, defendant gave an absolute guaranty to plaintiff that, if Pioneer did not meet its obligations under the notes, defendant would fulfill those obligations. Because of the need for dependability of transactions secured by guarantees, the guarantor must be held strictly to its obligation. If plaintiff paid too little for the property, the fault lies squarely with Pioneer, and the burden now falls solely on defendant. Absent a clear showing of fraud or other wrongful conduct on plaintiff's part, defendant may not challenge the price plaintiff paid—with the attendant risks noted above—at the judicial sale.

Plaintiff's motion for summary judgment for the full amount due and owing under the two installment notes, plus interest and costs, is hereby allowed.