HENRY SAWYER et al.

v.

KNUTE NELSON.

*Filed at Ottawa March 28, 1896.*

1. ESTOPPEL—*burden of proof in.* The burden of establishing an estoppel is upon him who invokes it.

2. SAME—*by res judicata—precise point must be determined.* A judgment in a former suit operates as an estoppel only where it appears, upon the face of the record or by extrinsic evidence, that the precise question in controversy was there raised and determined.

3. RES JUDICATA—*doctrine of, stated.* An adjudication and determination in a former suit of a specific fact or question is conclusive when the same fact or question arises in a subsequent suit between the same parties.

4. EVIDENCE—*extrinsic evidence to show what was determined in a suit.* A general judgment rendered upon a declaration of three counts, two, only, of which state causes of action of which malice is the gist, and not showing upon its face which count or counts such judgment was rendered upon, leaves the question of malice at large and open to proof.

5. SAME—*when a debtor applying for release from arrest on capias may disprove malice.* A debtor arrested by *capias* on a judgment based upon a declaration of three counts, in two, only, of which malice was the gist of the action, nothing appearing to show on which count or counts the judgment was based, may, on his application for discharge, introduce evidence to disprove malice in connection with the original transaction.

6. INSTRUCTIONS—*instruction that fraud is never presumed is proper.* In such a case it is not error to instruct the jury that fraud is never to be presumed, but must be affirmatively proven by the party alleging the same. ·

7. COSTS—*of appeal in which trial de novo is had—how taxed.* The costs of an appeal in which a trial *de novo* results in another judgment against appellant are properly taxed against such appellant, notwithstanding irregularities in the first trial, in which said appellant participated without objection.

*Sawyer v. Nelson,* 59 Ill. App. 46, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND BURKE, Judge, presiding.

CRATTY BROS., MacLAREN, JARVIS & CLEVELAND, for appellants.

CHYTRAUS & DENEEN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

Appellants recovered a judgment against appellee, in the Superior Court of Cook county, for $1361.05. Thereafter appellee was arrested upon a *ca. sa.* issued at the instance of appellants upon that judgment, and made application to the county court of said county for his discharge under the provisions of the Insolvent Debtor's act. He was allowed by that court to schedule as an insolvent, and was discharged from imprisonment. Thereupon appellants appealed to the circuit court, where a jury trial resulted in a verdict and judgment in favor of appellee. On appeal to the Appellate Court the judgment of the circuit court was affirmed, and from the judgment of affirmance this further appeal is taken.

On the trial in the circuit court appellants offered in evidence the record of the Superior Court judgment upon which the *ca. sa.* had been issued, and in connection therewith the declaration in the cause in which said judgment was rendered. The declaration consisted of three counts. In the first two of them malice was the gist of the action. The third was an ordinary count in trover. Said judgment was rendered by default and was a general judgment. Nothing appeared upon its face to indicate upon which count or counts it was based.

Appellee was entitled to be released if malice was not the gist of the action in which the judgment against him was rendered. (Rev. Stat. chap. 72, sec. 2.) Was malice the gist of such action? Where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit is conclusive upon the parties in the latter suit. *Hanna* v. *Read*, 102 Ill. 596.

It is claimed that appellee is estopped, by the adjudication had in the Superior Court, from claiming that malice was not the gist of the action. This claim is not well made. The burden of establishing an estoppel is upon him who invokes it. (Freeman on Judgments, sec. 276.) In order that the judgment should operate as an estoppel, it must either appear upon the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the former suit. As said by the Supreme Court of the United States in *Russell* v. *Place*, 94 U. S. 606: "If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated and upon which the judgment was rendered,—the whole subject matter of the action will be at large and open to a new contention unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." Here there were three counts, and nothing appeared from the judgment to indicate upon which count it was rendered, nor was any extrinsic evidence offered to show that the judgment was based upon the first and second counts, or either of them, instead of upon the third count.

This case is substantially like *Kitson* v. *Farwell*, 132 Ill. 327, where there were several counts in the declaration, one of which was in case for deceit and the others simply for breaches of promise to pay for goods bought, and the judgment was rendered on a general verdict. It was there held that it was error, in a proceeding to be discharged under the Insolvent Debtor's act, to refuse to admit evidence offered by the judgment debtor tending to show that the original suit in which the judgment on

which the *ca. sa.* issued was rendered was for a debt contracted *bona fide,* and not for any cause of action of which malice was the gist.

An adjudication, and consequent estoppel, upon the question of the existence or non-existence of malice not being shown upon the face of the Superior Court record, and no extrinsic evidence being produced to help out that record, the question of malice was a matter that was at large, and it therefore was not error in the circuit court to allow the introduction of evidence by appellee tending to prove the truth and good faith of the statements made by him, which formed the basis of the charges of fraud contained in the first and second counts.

It is urged that the verdict rendered by the jury in the circuit court is against the weight of the evidence. This question we cannot examine, for by the judgment of affirmance in the Appellate Court the facts in this case are conclusively established in favor of appellee.

Appellants having failed to make out an estoppel, and there being evidence tending to prove the absence of malice, the trial court very properly refused to give the instruction asked by appellant directing a verdict against appellee.

There was no error in instructing the jury, at the instance of appellee, that fraud is never to be presumed, but must be affirmatively proven by the party alleging the same.

We think the circuit court did not err in adjudging the costs of the appeal from the county court against appellants. There were irregularities in the proceedings had in that court, but appellants participated in such proceedings without raising any objection, and there having been a trial *de novo* in the circuit court upon appeal, the irregularities in question are of little importance.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*