## Walter I. Moody v. Chicago Title & Trust Company.
## Gen. No. 13,566.

1. RES JUDICATA—*when decree upon bill of interpleader is.* A final decree entered upon a bill of interpleader is *res judicata* as to the defendants with respect to all questions at issue determined between them in connection with the adjudication of their respective claims.

2. RES JUDICATA—*when parol evidence competent.* It is competent to show by extraneous evidence what question or questions were raised and determined in a former suit.

3. SET-OFF—*when cannot be successfully interposed in action by trustee in bankruptcy.* In an action by a trustee in bankruptcy to recover assets preferentially transferred, a defense of set-off, predicated upon the holding by the defendant of notes of the bankrupt and an existing obligation as guarantor of the bankrupt, will not be sustained.

4. BANKRUPTCY—*what not essential to recovery of preferential payment.* A demand for the return of assets preferentially transferred is not essential to their recovery by the trustee of the bankrupt.

5. BANKRUPTCY—*what constitutes preferential transfer.* A preferential transfer may take place notwithstanding the party receiving the transfer has no provable claim against the estate of the bankrupt. It is sufficient if, at the time of the transfer, he is subject to a contingent obligation.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 24, 1907.

**Statement by the Court.** This is a suit by appellee as trustee in bankruptcy of Moody-King Company, a corporation, to recover assets transferred to appellant by said corporation on the twelfth of January, 1903. Material facts relating to the transactions involved in this controversy are fully set forth in the statement preceding the opinion of this court in Moody v. Chicago Title & Trust Co., 126 Ill. App. 68, and need not here be repeated.

The Moody-King Company having been adjudged bankrupt, and appellee having been appointed the

trustee in bankruptcy, the latter sued in *assumpsit* averring that on January 12, 1903, the bankrupt corporation transferred to appellant certain shares of stock, notes and choses in action, upon pre-existing indebtedness due appellant from the Moody-King Company; that said company was insolvent at the time of such transfer and that appellant had reasonable cause to believe that it was intended to give him a preference; that such transfer enabled the defendant to obtain a greater percentage of his debt than other creditors and that by reason of the premises appellant became indebted to appellee. The second count further alleges that at the time of the transfer to him by the corporation, appellant was president and director of the Moody-King Company and that the bankrupt company owed $10,000 to creditors other than the defendant, no part of which is paid.

Appellant pleaded to the declaration, claiming set-off by reason of his having paid $13,000 on two demand notes of the bankrupt, upon which notes he was guarantor, and also that he was the holder of eight notes of the bankrupt amounting to $4,300. The issues were submitted to a jury which returned a verdict in favor of appellee for $4,000. Plaintiff remitted $2,500 and judgment was entered against appellant for $1,500, from which judgment this appeal is taken.

B. M. SHAFFNER, for appellant.

ROSENTHAL, KURZ & HIRSCHL, for appellee; EDWARD MENKIN, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

In the case referred to in the foregoing statement (Moody v. Chicago Title & Trust Co., 126 Ill. App. 68) a bill of interpleader was filed by an indemnity company against which appellant had instituted proceedings to recover upon a certain bond or policy of insur-

ance, the proceeds of which were claimed by appellant and by appellee as trustee in bankruptcy of the Moody-King Company. It was held that to allow appellant to recover on the indemnity bond would be inequitable, would allow him to obtain a fraudulent preference in violation of the bankruptcy act over other creditors of the Moody-King Company and a greater percentage of his debt against the bankrupt than any other creditors of the same class. In the present suit appellee seeks to recover the value of other assets of the Moody-King Company transferred to appellant at the same time under the same circumstances and for the same purpose as was the indemnity bond in controversy in the case cited.

It is contended in favor of appellant that the court erred in applying the doctrine of *res judicata*. The ground of the contention seems to be that in the former case above referred to the proceeding was instituted by a third party, and differs from the case now under consideration in that respect. While it is true the bill of interpleader was filed by a third party seeking to ascertain to whom its admitted debt upon the indemnity bond should be paid, the actual controversy was between appellant and appellee in its capacity of trustee in bankruptcy, as in the present suit. While in the former case the question was raised whether there had been a formal assignment of the indemnity bond or policy to appellant the decision was, nevertheless, actually based upon the ground that if there was a delivery of the bond to appellant which might otherwise have been valid, it was fraudulent and void as against creditors of the bankrupt. The same question is directly involved in the case at bar. The record in the former case was introduced in evidence. It is competent to show by extrinsic evidence that the precise question was raised and determined in the former suit. Sawyer v. Nelson, 160 Ill. 629-631; Russell v. Place, 94 U. S. 606. The decree in the interpleader case finds among other things, "that the transactions upon which Moody

claims his right of recovery, occurred on January 12, 1903, when Moody-King Company was insolvent and unable to continue its business, and that the aggregate of property of bankrupt was not then, at fair valuation, sufficient to pay its debts; that throughout such transactions Moody had reasonable cause to believe it was intended to give him a preference in violation of the Bankruptcy Act of 1898; that the effect of the enforcement of such transfer will enable him to obtain a greater percentage than other creditors of Moody-King Company of the same class." This decree was affirmed in all respects. The parties are identical in case at bar with those in the former case, and the only difference is that appellee as trustee is not claiming the same subject-matter, although claiming in the same right and capacity. What is said in Brack v. Boyd, 211 Ill. 290-294, is in point: "The case falls within the other rule, which is, that where some controlling fact or question material to the determination of both causes of action has been adjudicated in a former suit and the same fact or question is again at issue between the same parties, its adjudication in the first will if properly presented be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not."

It is urged that no recovery can be had against appellant until appellee has placed him in *statu quo* by repaying him the $13,000, paid by him as guarantor upon notes of the bankrupt and a further sum equal to the value of the $25,000 of the capital stock of the bankrupt corporation, which he surrendered to King, another stockholder, at the time of the transfer of the assets in question to appellant. It is doubtless true that "under the present bankrupt act the trustee takes the property of the bankrupt in cases unaffected by fraud in the same plight and condition that the bankrupt himself held it and subject to all the equities impressed upon it in the hands of the bankrupt." Thompson v. Fairbanks, 196 U. S. 516. It is also true that

in the original counts of the declaration appellee alleged it had notified appellant of its election to rescind the transfer in question made by the bankrupt to appellant. There are, however, additional counts containing no such averment. The presence of this averment in the original count does not affect the rights of either party. Appellant was a director in the bankrupt corporation, and as we held in the interpleader case, "an insolvent corporation cannot prefer a creditor who at the same time is a director therein." Appellant was liable on the notes for $13,000 as guarantor before the transfers in controversy were made to him and remained liable to the same extent notwithstanding the transfers. The decree in that case expressly found "that throughout such transactions Moody had reasonable cause to believe it was intended to give him a preference in violation of the Bankruptcy Act of 1898." We affirmed that decree and the question is no longer open in this court. Appellee in this case does not sue in the right of the bankrupt and is under no obligation to rescind the transfer. He sues as the representative under the bankrupt act of the creditors who are entitled to receive the benefit of assets rightly belonging to the bankrupt's estate. There is no evidence that the stock of the bankrupt held by appellant and transferred by him to King had any value at the time, even if it passed to King for the benefit of the bankrupt.

Appellant's counsel ingeniously argues that the fraudulent preference to appellant is voidable but not void and that hence the suit is in the nature of trover and could not be brought until demand by the trustee and refusal by appellant. As above stated, we held that appellant "had reasonable cause to believe it was intended" to give him a preference in violation of the bankruptcy act. In such case no reason appears why he should be entitled to a demand by the trustee or to prior notice of a suit to recover such preference. The trustee is expressly authorized to "recover the

property or its value'' from a person having such ''reasonable cause'' to believe a preference was intended. (Bankrupt Act, sec. 60b.) The contention that appellant was 'not a preferred ''creditor'' at the time is not, we think, material under the undisputed facts and the bankrupt law. While not a creditor in the sense that he had a provable claim against the bankrupt's estate, he was not entitled to a preference, even though his liability as guarantor for the bankrupt was only conditional at the time. The preference was clearly taken by him in view of the very evident and assured contingency that as guarantor he would be obliged to pay the debt. See Crandall v. Coats, 133 Fed. Rep. 965-967. It is not, we think, material that appellant's conditional liability was not then a claim provable against the bankrupt estate. The act provides that ''if a bankrupt shall have given a preference within four months before the filing of his petition,'' etc., the trustee may recover the property or its value. It does not necessarily follow that the preference can only be recovered back from one who is then an actual creditor. It suffices that he is preferred against a liability of the bankrupt which has become actual though at the time contingent. Crandall v. Coats, *supra.*

It is urged that appellant was entitled to set-off against the claim of the trustee, the $13,000 which he paid to the bank as guarantor of notes of the bankrupt, and that the Superior Court erred in not allowing such claim of set-off. While this might be true under certain conditions if the trustee was suing in the right of the bankrupt, to enable appellant to claim a right of set-off as against the creditors represented by the trustee under the facts in this case would be to allow him the very preference it is the purpose of the bankruptcy act to avoid. The case differs materially from Smith v. Hodson, 2 Smith's Leading Cases, 201, cited in behalf of appellant. In that case the action was brought by the assignee on a contract for goods

sold by the bankrupt and the party buying might, it was held, "Set up the same defense to an action brought by the assignees which he might have used against the bankrupt himself; and consequently may set off another debt which was owing from the bankrupt to him." In the case at bar the assignee is seeking to recover property unlawfully transferred to appellant by the bankrupt, a very different cause of action. In so suing, the trustee instead of affirming the transaction between the bankrupt and appellant, expressly repudiates it.

It is insisted that appellant is treated inequitably by the judgment complained of, and that hence the judgment should be reversed. The liability of appellant as guarantor resulted by force of law from his own act. He was a stockholder and officer of the bankrupt corporation interested in its business. While by indorsing the bankrupt's notes he has placed himself in an unfortunate situation, the position of creditors who trusted the bankrupt perhaps on the faith of appellant's connection with it, is certainly no less equitably entitled to consideration, if the question of equities was before us.

Finding no material error, the judgment of the Superior Court must be affirmed.

*Affirmed.*