DAVID CLAIBORNE, a Minor, by Bertha Claiborne, his Mother and Next Friend, Plaintiff-Appellant, *v.* CARELL HUTCHINSON, JR., M.D., Defendant-Appellee.

First District (2nd Division)    No. 77-1139

Opinion filed December 19, 1978.—Rehearing denied January 18, 1979.

---

* Justice Buckley participated in this decision while assigned to the Illinois Appellate Court, First District.

Rolland H. Stimson, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Robert B. Austin, Hugh C. Griffin, and Norman J. Lerum, II, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, a 10-year-old boy, appeals an order of the circuit court of Cook County dismissing his medical malpractice suit against the defendant doctor who amputated his right leg. The plaintiff's recovery in a prior suit for injuries he sustained to this leg formed the basis of the trial court's dismissal. The issues on appeal are: (1) whether the parties' pleadings and affidavits created a material and genuine issue of fact as to whether the judgment in the prior suit included damages for the loss of the plaintiff's leg, and (2) if so, whether the trial court erred in finding that the plaintiff was collaterally estopped from relitigating that issue without holding an evidentiary hearing or submitting this question to a jury. We reverse and remand.

In 1970 the plaintiff was found to have a bone tumor or deformity in the distal portion of his right femur. On December 15, 1971, he stepped into a hole on the City of Chicago's property fracturing this right femur in the midshaft portion. The defendant treated this fracture until it was allegedly fully healed in April 1972. On February 8, 1972, the plaintiff filed a complaint against the city seeking $100,000 in damages. (Claiborne v. City of Chicago, 72 L 1611.) On August 9, 1972, the defendant

amputated the plaintiff's right leg. The plaintiff's suit against the city went to trial in April of 1976. The jury found the city negligent and awarded the plaintiff $25,000. Neither the plaintiff nor the city appealed this judgment.

On March 18, 1975, the plaintiff filed the instant medical malpractice suit against Dr. Hutchinson and Mercy Hospital and Medical Center.[1] Count I alleged that the defendant was negligent in failing to make a timely diagnosis of the plaintiff's tumorous condition, in failing to obtain orthopedic consultations prior to the amputation, and in concluding that the plaintiff had chondrosarcoma when medical evidence of that condition was doubtful. Count III alleged that the amputation constituted wilful and wanton misconduct. The plaintiff amended his complaint to add that the amputation was performed without his informed consent.

After denying these allegations in his answer, the defendant moved for dismissal of the suit on the ground that the plaintiff had recovered for the loss of his leg from the city. The defendant's motion was supported by an affidavit which included the following documents: (1) the plaintiff's answers to the city's interrogatories in suit 72 L 1611 in which he described his injuries as "cuts, bruises, and broken leg and subsequent amputation of said leg," (2) the city's motion for a directed verdict on the issue of whether the amputation was caused by the city's negligence and the court's order denying this motion, (3) the city's refused jury instruction which would have withdrawn from the jury's consideration the medical expenses after April 6, 1972, and the plaintiff's pain and suffering after August 9, 1972, (4) the jury's special finding that the city was guilty of negligence proximately causing the plaintiff's injuries, (5) the general verdict form from suit 72 L 1611, and (6) the plaintiff's petition to settle his suit against the city in which he stated that his injuries were "broken leg with disputed acceleration of growth of tumor resulting in loss of leg."

The plaintiff's answer to this motion contended that the city and the defendant were not joint tortfeasors, that the damages caused by each were severable in point of time and were to different areas of the body, and that, therefore, there were two separate, independent causes of action, the latter of which was not extinguished by payment of the claim in the former. The plaintiff's answer was supported by an affidavit which included the following: (1) excerpts from the testimony of the plaintiff's expert, of a radiologist who interpreted a 1972 X ray of the plaintiff's leg, and of the defendant in the prior suit, (2) the 1970 pathology report diagnosing the tumorous or deformed condition of the plaintiff's right leg, (3) excerpts from an evidence deposition taken in suit 72 L 1611 in which the pathologist testified to the benign condition of the plaintiff's tumor prior to the amputation, (4) a letter dated July 31, 1972, from a Mayo Clinic pathologist to a pathologist at Mercy Hospital stating that the

---

[1] The hospital was given a covenant-not-to-sue.

plaintiff's tumor was benign, (5) a radiology report dated May 31, 1972, stating that the plaintiff's X rays showed "no evidence of metastatic lesion," and (6) a pathology report dated August 4, 1972, in which a frozen section of the tumor was described as benign and in which four pathologists gave conflicting opinions as to its status.

Based on the foregoing pleadings, affidavits, and documents, the trial court granted the defendant's motion to dismiss the plaintiff's complaint. It is from this dismissal that the plaintiff appeals.

## I.

Although the briefs and record are silent, we assume that the basis for the defendant's motion was subparagraph (d) of section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), which provides for dismissal if the cause of action is barred by a prior judgment.

■■ The doctrine of *res judicata* is divisible into the doctrines of estoppel by judgment and estoppel by verdict (also referred to as collateral estoppel). Estoppel by judgment applies only when the second suit is based upon the same cause of action and between the same parties or their privies, and operates to preclude relitigation of not only the issues which were in fact raised and determined in the prior action, but also of all other issues which might have been raised in that prior action. *Thompson v. Howard* (3d Dist. 1975), 32 Ill. App. 3d 991, 996, 337 N.E.2d 94.

■■ On the other hand, the doctrine of estoppel by verdict applies irrespective of whether or not the cause of action is the same in both suits. (*Casson v. Nash* (1st Dist. 1977), 54 Ill. App. 3d 783, 788-89, 370 N.E.2d 564.) When, as here, the second action is upon a different cause of action, the judgment in the first suit operates only as to the point or question actually litigated and determined. (*Fraley v. Boyd* (5th Dist. 1967), 83 Ill. App. 2d 98, 103, 226 N.E.2d 81.) For the doctrine of estoppel by verdict to be applicable, the issue decided in the prior adjudication must be identical with the one presented in the case under review; the party against whom the estoppel is asserted must have been a party or in privity with a party to the prior litigation; and there must have been a final judgment on the merits in the former suit. (*Casson.*) The burden of proof is on the party who invokes the estoppel to establish its applicability. *Fraley.*

Since the plaintiff, the party against whom the doctrine of estoppel by verdict is being asserted, was a party to the prior suit, and there was a final judgment on the merits in the former suit, the only issue before the trial court was whether the defendant met his burden of establishing that the issue of the loss of the plaintiff's leg was raised in the prior suit, and that this element of damage was included in the judgment in that suit.

The issue before this court is whether the trial court had before it sufficient evidence to conclude that the ‚defendant had met his burden. We are of the opinion that it did not.

In determining whether an issue has been raised and considered in a prior proceeding, reference may be had to pleadings, testimony, jury instruction, findings, verdicts, and any other pertinent sources of information sensibly helpful to the inquiry. (*Palkey v. Donichy* (1st Dist. 1958), 18 Ill. App. 2d 356, 364, 152 N.E.2d 494.) Where a motion for involuntary dismissal is made on the ground that the claim asserted by the plaintiff has already been disposed of, and the issue of the prior disposition is controverted in the respective affidavits, the truth of which cannot be determined from the record, the trial court may not grant the motion without taking further evidence. (*Emerson v. La Salle National Bank* (2d Dist. 1976), 40 Ill. App. 3d 794, 797, 352 N.E.2d 45; *Greenstein v. Nogle* (4th Dist. 1972), 5 Ill. App. 3d 594, 599, 283 N.E.2d 492; *cf. Chapman v. Huttenlocher* (2d Dist. 1970), 125 Ill. App. 2d 39, 46-47, 259 N.E.2d 836.) If the affidavits and counteraffidavits raise a material and genuine issue of fact, the trial court may not weigh the evidence in a motion to dismiss. *Greenstein*, at 599.

Upon a review of the pleadings, affidavits, and the record presented to this court, we find that a genuine and material issue of fact was raised as to whether the scope of the judgment in the prior suit included damages for the amputation of the plaintiff's leg. Moreover, we are of the opinion that the resolution of this issue cannot be determined on the record. We therefore conclude that the trial court erred in dismissing the plaintiff's complaint without taking further evidence.

For the foregoing reasons, we reverse and remand for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.