**In re Richard L. BAST, Debtor.**

**Roger A. COX, et al., Plaintiffs,**

v.

**Richard L. BAST, Defendant.**

**Bankruptcy No. 96–1–0118–DK.**
**Adversary No. 97–1–A023–DK.**

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Sept. 2, 1997.

Richard L. Bast, McLean, VA, Pro se.

Joel L. Dahnke, Cohen, Gettings, Dunham & Davis, P.C., Arlington, VA, Victor M. Glasberg, Victor M. Glasberg & Associates, Alexandria, VA, for Plaintiffs.

Cheryl Rose, Rockville, MD, Chapter 7 Trustee.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

The Plaintiffs commenced this adversary proceeding seeking a declaration by this court that the claims held by the Plaintiffs against the Debtor in this case, Richard L. Bast ("Defendant"), are not dischargeable pursuant to 11 U.S.C. § 523(a)(6) ("Com-

plaint"). The claims asserted as being non-dischargeable by the Plaintiffs, arise under and are evidenced by Orders dated October 10, 1995, December 5, 1995 and December 31, 1996,[1] and entered by the United States District Court for the Eastern District of Virginia (hereinafter "District Court") in the case of *Interworld Development Corporation, et al. v. Glassberg, et al.,* Civil Action No. 95–531–A (the "IDC Case").

Defendant has filed a motion to dismiss the complaint pursuant to Bankruptcy Rule 7012 incorporating Federal Rule of Civil Procedure 12(b)(6). An answer has also been filed by the Defendant. Defendant has requested leave to file a further motion to dismiss which has been denied by order of this court entered May 22, 1997, and Defendant has filed a motion to reconsider that order. The Plaintiff has filed a motion for summary judgment. Defendant has repeatedly filed motions to extend time to file opposition to plaintiff's motion for summary judgment and in support of motion to reconsider. By order entered July 8, 1997, this court granted Defendant's multiple motions for leave to file supplemental memoranda.

■ The multiple memoranda and supplemental memoranda filed by the Defendant in support of Defendant's motion to dismiss, in support of Defendant's motion to reconsider, and in support of Defendant's motions to extend time, and in opposition to the motion for summary judgment all contain voluminous assertions directed to the underlying issues of the IDC Case. None of the alleged facts set forth in these memoranda are presented by affidavit made upon personal knowledge as required by Federal Rule of Civil Procedure 56 incorporated by Bankruptcy Rule 7056. Exhibits were filed to Defendant's Second Supplemental Memorandum in support of Motion for Extension of Time to File an Opposition to Plaintiffs' Motion for Summary Judgment on Non–Dischargeability and for Defendant to File a Motion to Dismiss ("Defendant's Second Memorandum") which include copies of documents filed in the IDC Case. Exhibit A attached to Defendant's Second Memorandum includes copies of pleadings filed in the public record of the courts in which they were filed. The court will accept those items as evidence of the fact that such documents were filed in those courts. Plaintiffs have filed in support of their Motion for Summary Judgment a Documentary Appendix. Documents 1 through 8 and 10 and 11 in that appendix are copies of pleadings entered in the public record in the courts in which they were filed. The court will accept those items as evidence of the fact that such documents were filed in those courts. Document 9 is a letter which is offered without affidavit and accordingly will not be considered in support of a motion for summary judgment.

The court has reviewed the pleadings and exhibits as discussed and finds that the facts and legal arguments are adequately presented in the materials before it, and that a hearing would not aid the decisional process.

For the reasons set forth in this Memorandum of Decision, Defendant's motion for reconsideration shall be denied, Defendant's motion to dismiss shall be denied, and Plaintiffs' motion for summary judgment shall be granted.

As to the motion for reconsideration of this court's order granting in part Defendant's motion to extend time to file opposition to summary judgment, but denying extension of time to file a motion to dismiss, the Defendant raises no basis upon which to reconsider that Order. The assertions set forth in Defendant's motion do not address the legal basis of the ruling and it remains undisturbed. Simply put, Defendant had filed a motion to dismiss (which motion is the further subject of this Memorandum of Decision), and thereafter having filed an Answer was precluded from filing a further Motion to Dismiss as set forth in the Order entered May 22, 1997. All of the issues asserted by the Defendant, however, are considered in the ruling of this Court upon the Plaintiffs' motion for summary judgment.

As to Defendant's Motion to Dismiss, Defendant first asserts facts and characterizations of facts concerning the disputes which were before the District Court in the IDC Case. Defendant then argues that

---

1. See Plaintiff's Summary Judgment Exhibit Nos. 4, 5, and 7.

§ 523(a)(6) of the Bankruptcy Code requires specific allegations of willful and malicious acts and that those allegations are not specifically set forth in the Complaint.

■ Paragraph 6 of the Complaint filed herein asserts in part, "the *Interworld* suit [IDC Case] was factually and legally baseless, brought and prosecuted without cause, malicious, vindictive, astonishingly abusive and oppressive...." The Complaint further avers that the claim sought to be determined as non-dischargeable arises from orders imposing sanctions upon the Defendant (and others) for the filing of the Complaint in the IDC Case.

Paragraph 17 of the Complaint further asserts that the suits and appeals brought on behalf of Mr. Bast were "malicious and vindictive," and paragraph 19 of the Complaint herein asserts that such actions were found to have been willful, malicious, and abusive of the process of the court. Finally, paragraph 20 of the Complaint asserts that the resulting imposition of sanctions in the IDC Case gave rise to debts which are non-dischargeable under 11 U.S.C. § 523(a)(6).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b), should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Faulkner Advertising Assoc. v. Nissan Motor Corp.,* 905 F.2d 769, 771–72 (4th Cir. 1990). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In making such a determination, the court must accept as true all well pleaded allegations in the complaint, and all reasonable inferences that may be drawn therefrom, in the light most favorable to the plaintiff. *Id.; Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994); *Hemelt v. Pontier (In re Pontier),* 165 B.R. 797, 798 (Bankr.D.Md.1994). The court must not, however, make unreasonable factual inferences or consider any facts, allegations or assertions not set forth in the complaint. *Mylan Labs., Inc., v. Pharmaceutical Basics, Inc.,* 808 F.Supp. 446, 448 (D.Md.1992), *rev'd on other grounds,* 7 F.3d 1130 (4th Cir.1993), *cert. denied,* 510 U.S. 1197, 114 S.Ct 1307, 127 L.Ed.2d 658 (1994).

■ Federal Rule of Civil Procedure 8(a)(2), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008(a), requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The liberal "notice pleading" standard of Rule 8 is satisfied where "a defendant receives fair notice from the complaint of the claim and the grounds on which the claim rests." *Turner v. Randolph County,* 912 F.Supp. 182, 184 (M.D.N.C.1995) (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The United States District Court for the District of Maryland also recognizes the "notice pleading" standard articulated by the United States Supreme Court in the case of *Conley v. Gibson:*

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Duane v. Government Employees Ins. Co.,* 784 F.Supp. 1209, 1211 (D.Md.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). The averments set forth in the Complaint more than satisfy the requirements of a federal pleading. The Defendant clearly is put on notice of the basis for the relief requested in the Complaint by the Plaintiff and the facts as-

serted in the Complaint are sufficient to justify such relief if proven. Accordingly, Defendant's motion to dismiss shall be denied.

As to the Plaintiff's motion for summary judgment, that motion, as aforesaid, is supported by certain documentary evidence. The authenticity of those documents is not disputed by the Defendant and no evidence has been offered by the Defendant supported by affidavit made upon personal knowledge. Although the Defendant vigorously disputes the entitlement of Plaintiff to summary judgment, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party pleading but the adverse parties response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing there was a genuine issue for trial." F.R.C.P. 56(e). Plaintiff is not entitled to summary judgment unless the evidence put forward by the Plaintiff and the uncontested facts admitted to by the answer support the entitlement of the Plaintiff to the relief requested and no fact material to the resolution is the subject of dispute demonstrated by the evidence. Fed.R.Civ.P. 56(c). Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 883–84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *Sylvia Dev. Corp. v. Calvert County, Maryland,* 48 F.3d 810, 817 (4th Cir.1995).

In order to be entitled to a determination of non-dischargeability under § 523(a)(6) of the Bankruptcy Code, Plaintiff must prove that it holds a debt due from the individual debtor for willful and malicious injury by the debtor to a person, or to property of such person. There is no bona-fide dispute of fact that there is an indebtedness owed to the Plaintiffs by the Defendant. Although Defendant has submitted a great deal of written assertion concerning the alleged illegitimacy of the orders entered by the United States District Court for the Eastern District of Virginia, those issues may not be revisited by this court. Exhibits to Summary Judgment 4, 5 and 7, attached to Defendant's memorandum, demonstrate that a court of competent jurisdiction has determined the matter of the legitimacy of the suit brought by Mr. Bast and others in the IDC Case and the entitlement of the defendants therein (Plaintiffs herein) to sanctions. Exhibit 6 to the Motion for Summary Judgment evidences that the dismissal of the IDC Case and imposition of sanctions has been affirmed on appeal, and it is shown by Exhibit 8 that a Petition for Writ of Certiorari to the United States Supreme Court has been denied and that a request for rehearing on such petition has also been denied. Thus, the findings of the District Court are res judicata, and cannot be disturbed by collateral attack before this court. *In re Raynor,* 922 F.2d 1146, 1148 (4th Cir.1991). This court will not therefore address the numerous allegations set forth in Mr. Bast's memoranda as to alleged facts concerning the issues presented in the IDC Case, nor the propriety of the dismissal and sanctions orders entered by that court.[2]

2. In footnote 57 on page 44 of Defendant's Memorandum in Support of Motion for Leave to File Second Supplemental Memorandum ..., Mr. Bast asserts that as the Opinion of the United States Court of Appeals for the Fourth Circuit upholding the Orders of the United States District Court are unpublished, they are "not binding in this Circuit" and the "independent Bankruptcy Court" is mandated to *de novo* consider the facts alleged. The final Orders of a court of competent jurisdiction are *res judicata* on matters determined without regard to whether the affirmance of such orders are by published or unpublished opinions. An unpublished opinion has no binding precedential effect in unrelated matters as to legal principles applied, but is,

nonetheless, a binding disposition of the disputes resolved.

Mr. Bast, in footnote 10 on page 5 of Debtor's Bankruptcy Code Rule 3008, Motion for Reconsideration ... asserts that "Duncan W. Keir was an Alexandria friendly colleague of Roy B. Zimmerman, Esquire." On page 7 of Debtor's Pro-Se Answer to Plaintiff's Opposition to Debtor's Motion for Leave to File Third Supplemental Memorandum, Mr. Bast states, "While there are conflicts upon conflicts (let's not forget about Judge Keir's former friendly bankruptcy colleague, Roy B. Zimmerman, Esquire....)". On page 6 of Defendant's Supplemental Memoran-

The remaining issue is whether the indebtedness of Defendant to Plaintiffs is for willful and malicious injury. The sanctions awarded were for the filing by the Defendant of that complaint which is Exhibit 1 to Plaintiff's Motion for Summary Judgment (the "IDC Complaint"). The IDC Complaint itself is a vitriolic attack upon the Plaintiffs herein, and other defendants in the IDC Case. There is no dispute of fact that the Defendant intended the filing of the IDC Complaint and the prosecution of the lawsuit begun by that complaint. Indeed Mr. Bast does not deny that he intended the IDC Case and continues to repeatedly reiterate assertions made in the IDC Complaint. Thus the act of the Defendant from which arises the debt is clearly shown to be willful. That is, the Defendant intended the act which was done and that act was not accomplished by inadvertence or negligence. " '[W]illful' means 'deliberate or intentional' [and] we ascribe to the word 'willful;' as it pertains to Section 523(a) of the Bankruptcy Code, a meaning similar to that derived from its use in other areas of the law." *In re Stanley,* 66 F.3d 664, 667 (4th Cir.1995) (quoting *St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003 (1985)). Where the act is done intentionally, the injury occasioned is a result of a willful act.

Separate and apart is the question of malicious. Not only does the Debtor have to intend the act which led to injury, but also have done the act "maliciously." Although,

Plaintiffs assert that Defendant acted with an actual evil and rancorous motive, non-dischargeability under Section 523(a)(6) does not require such a specific finding. A Debtor may be found to have acted with malice for purposes of this section without a finding of subjective ill will towards the creditor. *In re Stanley,* 66 F.3d at 667. "All that is required is that the Debtor act wrongful[ly] and without just cause." *In re McNallen,* 62 F.3d 619, 626 (4th Cir.1995), or "in knowing disregard of the rights of another." *In re Stanley,* 66 F.3d at 667. *See also Ramsey v. Bernstein (In re Bernstein),* 197 B.R. 475, 479 (Bankr.D.Md.1996). Furthermore, the Defendant herein is precluded from relitigating the issue of whether or not Defendant acted with knowing disregard of the rights of another, if that issue has been determined and decided in a prior case. *In re Raynor, supra.* Thus the question is whether or not the District Court determined that Mr. Bast acted wrongfully and in knowing disregard of the rights of another when he filed the IDC Complaint. The Plaintiffs herein rely upon the findings of the District Court in the IDC Case as the basis for summary judgment.

The District Court had before it the question as to whether or not the IDC Complaint was presented for an improper purpose such as to harass the defendants therein and whether or not the claims and contentions set forth in the IDC Complaint were warranted. Fed.R.Civ.P. 11. That court found, in part

dum to Debtor's Bankruptcy Code Rule 3008 Motion for Reconsideration ..., Mr. Bast writes:
"(a) will this Court, being a former friendly colleague of the clubby incestuous Alexandria legal community, also allow Glasberg's pervasive and actual frauds perpetrated upon courts lying to slide?"
Although no motion to recuse has been filed by the Defendant, Defendant's references raise an issue of conflict for the undersigned presiding judge. In accordance with 28 U.S.C. § 455, a presiding judge has a duty to evaluate his own actions. The nature of the judge's bias must be personal and not judicial. *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir.1984), *cert. denied,* 469 U.S. 873, 105 S.Ct. 230, 83 L.Ed.2d 159 (1984). "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *In re Beard,* 811 F.2d 818, 827 (4th Cir.1987). " 'Mere general allegations of intimacy of the judge with opponents' are insufficient to require

recusal." *Id.* (quoting *Morse v. Lewis,* 54 F.2d 1027, 1032 (4th Cir.1932), *cert. denied,* 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932)). Contrary to the assertions and innuendos contained in the pleadings by Mr. Bast, this judge has no friendly acquaintanceship or relationship with any of the parties or counsel, including but not limited to attorney Zimmerman. Prior to his appointment, this judge appeared as counsel in a number of jurisdictions including the United States Bankruptcy Court for the Eastern District of Virginia and through this work made the acquaintanceship of numerous lawyers appearing in various courts. As a result Mr. Zimmerman is by sight recognizable by this judge which occasioned this court's courteous greeting to Mr. Zimmerman during a hearing in this or a related case. Such courtesy does not form a reasonable basis for a reasonable finding that an appearance of conflict is created. Accordingly, this court judge will not *sua sponte* recuse.

that, in light of the past history of this dispute, that the IDC Complaint was on its face an abuse of the court process, Plaintiffs' Summary Judgment Exhibit 2. The District Court further found "that Plaintiffs' claims and filings herein have not been presented for a proper purpose but rather to harass Defendants and cause them needless expense, and that the factual allegations in the Complaint, Amended Complaint and other filings of the Plaintiff's lack evidentiary support...." These findings were affirmed by the United States Court of Appeals which granted further sanctions under Federal Rule of Appellate Procedure 38. Plaintiffs' Summary Judgment Exhibit 6. Rule 38 of the Rules of Appellate Procedure requires that in order to impose such a sanction, the court imposing it must determine that the appeal was frivolous. The further sanctions assessed by the District Court in its Order of December 31, 1996, were simply a determination of the amount resulting from the Court of Appeals's ruling.

In order for the District Court to find that the IDC Case was an abuse of process, it was required to determine that the plaintiffs in the IDC Case acted wrongfully and without just cause. The District Court specifically found that the plaintiffs in the IDC Case acted wrongfully and without just cause. Such is also true of the finding of the United States Court of Appeals in imposing further sanctions under Federal Rule of Appellate Procedure 38. Accordingly, courts of competent jurisdiction have made specific findings on the issue of the conduct of the plaintiffs in the IDC Case (including the Defendant herein) which findings must be given preclusive effect by this court under the doctrine of collateral estoppel. *In re Bernstein, supra.* Collateral estoppel bars relitigation of these issues. *Combs v. Richardson,* 838 F.2d 112 (4th Cir.1988). It is applicable to non-dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991); In re *Bernstein, supra.*

Accordingly, this court finds that all of the elements of Plaintiffs' cause of action for determination of non-dischargeability are supported by the uncontradicted factual evidence raised upon the motion for summary judgment and that as a matter of law, the Plaintiffs are entitled to the remedy requested. The sanctions imposed by the District Court in the IDC Case as set forth in that Order entered October 10, 1995 (Summary Judgment Exhibit 4 herein), described in Memorandum Opinion entered December 5, 1995 (Summary Judgment Exhibit 5) and assessed by Order dated December 31, 1996 (Summary Judgment Exhibit 7) are non-dischargeable debts of the debtor Richard L. Bast in this bankruptcy case and shall not be discharged by any discharge granted in this case. An Order will be entered in conformity with these rulings.