In re Dennis E. CARLSON, Debtor.

FRENCH, KEZELIS & KOMINIAREK, P.C., Plaintiff,

v.

Dennis E. CARLSON, Defendant.

Bankruptcy No. 96 B 09606.
Adversary No. 97 A 0008.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Sept. 23, 1998.

Michael R. Webber of French Kezelis & Kominiarek, Chicago, IL, for Plaintiff.

Dennis E. Carlson, Chicago, IL, for Defendant.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary case relates to the bankruptcy proceeding of debtor Dennis E. Carlson ("Debtor" or "Carlson") filed originally under Chapter 11 of the Bankruptcy Code, but later converted to one under Chapter 7. Carlson is sued here to bar dischargeability of his debt owed to the plaintiff law firm.

This matter comes before the Court on the motion of French Kezelis & Kominiarek, P.C. ("French") for summary judgment on its Second Amended Complaint at law against Debtor to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6). For reasons set forth herein, the motion is granted.

Jurisdiction lies under 28 U.S.C. § 1334 and core jurisdiction exists under 28 U.S.C. § 157(b)(2)(I).

### Uncontested Facts

The following pertinent uncontested facts emerge from the filings by the parties under Local Bankruptcy Rule 402(M) and (N):

The Plaintiff and Debtor previously represented opposing parties in a litigation styled *Lorentzen v. Anderson Pest Control, et al.,* No. 88 C 7142 in the United States District Court, Northern District of Illinois, Eastern Division. Dennis Carlson represented the plaintiffs the *Lorentzen* case.

Following dismissal of the Federal Court *Lorentzen* case, Dennis Carlson filed a state court action in the Circuit Court of Cook County, Illinois County Department, Law Division, styled *Lorentzen v. Dow Chemical, et al.,* No. 91 L 20277. The state court action named as a defendant, *inter alia,* French Kezelis & Kominiarek, P.C. It alleged that the plaintiff, Kristiana Kruse Lorentzen, had been injured as a result of her participation in discovery authorized and ordered by the District Court Judge during the pendency of the Federal Court litigation, in that she allegedly had been exposed to certain chemicals to which she had developed an allergic and toxic sensitivity.

On April 20, 1993, the state court litigation was dismissed pursuant to motion of defendants for plaintiff's failure to state a cause of action.

On October 7, 1993, the Circuit Court Judge in the state court *Lorentzen* case entered an order for sanctions under Illinois Supreme Court Rule 137 against Debtor and in favor of French Kezelis & Kominiarek, P.C. In awarding sanctions, the Judge stated the following from the bench:

I think that this lawsuit was interposed for an improper purpose, that is, to harass or in some way get even with the attorneys or some of the attorneys which had been part of the earlier federal suit.

To bring suit against attorneys for their role in protecting their client's rights, I think is an unwarranted and improper use of this lawsuit.

I believe that this complaint in this case against the law firms in question was not well founded in fact or warranted by exist-

ing law. There is not, to my knowledge, a good faith argument for the extension, modification, or reversal of any existing law.

However, when the written order for sanctions was entered that same day, the wording was somewhat more limited in setting forth reasons:

> ... The court specifically finds that this notice was not brought after reasonable inquiry that it be well grounded in fact, nor that it was warranted by existing law, nor a good faith argument for the extension, modification, or reversal of existing law.

> The court further finds that this action was brought for an improper purpose ... [but the written order did not specify what that improper purpose was or use the word "harass"].

The matter was then continued to a further date to fix the amount of sanctions to be awarded.

On January 7, 1994, the Circuit Court judge denied Debtor's motion to reconsider the imposition of sanctions and awarded French a sanction of $20,689.41. On March 29, 1996, the Illinois Appellate Court, First Judicial District, affirmed the judgment of the trial court awarding sanctions against Debtor. In affirming the trial court, the Appellate Court opinion appears to have relied on all findings of facts of the Circuit Court, including not only what was set forth in the written order, but also the statements made from the bench by the Circuit Judge: "... The trial court's written order states the court's specific findings that Mr. Carlson filed a baseless lawsuit for an improper purpose ... The trial court specifically found that Mr. Carlson filed a baseless harassing lawsuit...." *French Kezelis and Kominiarek, P.C. v. Dennis Carlson,* No. 1–93–1844 and 94–0234 (consolidated), Illinois Appellate Court, First District (3d Div. 3/29/96).

On April 16, 1996, the Debtor filed for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code and listed French as a creditor in his schedule of assets and liabilities. On June 24, 1996, Debtor converted his Chapter 11 case to one under Chapter 7. The Debtor seeks to discharge the debt owed to French.

French's Motion for Summary Judgment makes two points: First, that the award for sanction is nondischargeable because it is a debt resulting from a willful and malicious action under 11 U.S.C. § 523(a)(6); and, second, that Debtor is collaterally estopped from arguing his behavior was not willful and malicious because it was so determined by the Illinois courts in awarding and affirming the sanction. The Motion rests entirely on the record made in the state court case.

Debtor's Response to the Motion for Summary Judgment includes many arguments not germane to the issues presented by Plaintiff's Motion wherein he seeks to go behind the state court record and relitigate issues resolved by the state court. He correctly points out that there must be a specific finding of willful and malicious action upon which a judgment is entered for such judgment to stand alone on a collateral estoppel theory in a dischargeable action under § 523(a)(6). But he further argues that this Court should only consider the written order of sanction in its application of collateral estoppel, not comments made by the trial judge from the bench that were not expressly included in the sanction order even though the Illinois Appellate Court opinion treated those additional remarks as part of the findings made by the Circuit Judge and record on which the sanction was affirmed.

### APPLICABLE STANDARDS FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56, made applicable to adversary proceedings under Fed. R. Bankr.P. 7056, provides when summary judgment is appropriate. Summary judgment should be granted if the entire record, including pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c); Fed. R. Bankr.P. 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Celotex,* 477 U.S. at 322, 106 S.Ct.

2548. All inferences from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a rational trier of fact could not find for the non-moving party based on the record taken as a whole, then there is no genuine issue for trial and summary judgment will be granted. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## ANALYSIS

### A. Debtor's actions were found to be willful and malicious and to cause injury.

■ In order to be entitled to a determination of nondischargeability under 11 U.S.C. § 523(a)(6), the creditor must prove three elements by a preponderance of the evidence: (1) that the Debtor caused an injury; (2) that the Debtor's actions were willful; and. (3) that the Debtor's actions were malicious. *Golant v. Care Comm., Inc.*, 216 B.R. 248 (N.D.Ill.1997).

With respect to the first element, the District Court found injury to French which had been incurred in defending Debtor's unfounded suit. That injury was determined to be in the form of expenses incurred, including attorney's fees. *See Matter of Lutz*, 169 B.R. 473, 477 (Bankr.S.D.Ga.1994). Had Debtor's lawsuit not been filed, French would not have incurred any of these expenses. Thus, Debtor's actions in bringing suit that was held to be unfounded inflicted injury upon French, which injury the State Court valued at $20,689.71.

■ Willfulness was found by the State Court's order. Willful is defined as deliberate or intentional. *In re Arlington*, 192 B.R. 494, 500 (Bankr.N.D.Ill.1996). Moreover, the United States Supreme Court recently held that "willful" in (a)(6) modifies the word "injury," thereby indicating that nondischargeability under that provision requires proof of a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, —— U.S. ——, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). French relies on *Arlington* to support its assertion that the Debtor's behavior was willful and malicious. The facts in *Arlington* were as follows: The Debtor was struck in the face by her husband. A divorce action followed. The couple entered into a Marital Settlement Agreement in which the Debtor agreed to release her claims against her husband for battery once he had complied with all the terms of the Agreement. After the husband had complied with all the terms of the agreement, the Debtor nonetheless filed a personal injury suit against him. The court found that the Debtor's behavior was willful and malicious because she filed suit without having any factual basis for the claim in light of the Settlement Agreement. This caused the husband to incur substantial attorney's fees and costs to defend himself. In addition, the court found that the wife knew he would incur such costs when she filed the suit.

Similarly in the instant case, the Circuit Court Judge found that Debtor as an attorney filed a lawsuit which was unwarranted, improper, and not supported by fact or existing law. The court further found that the purpose of that lawsuit was to harass or get even with the plaintiff law firm which had defeated an earlier suit filed by Defendant, thus causing French to incur expenses exceeding $20,000 in defending itself. In filing a lawsuit to harass or get even with French, as in *Arlington*, the Debtor attorney necessarily knew and intended that French would incur expenses in defending the lawsuit, particularly in light of the finding that the suit was filed to get back at the French firm for defeating Defendant in an earlier case.

■ The third element requires a finding of maliciousness. Behavior is malicious if it is wrongful and without just cause or excuse. Maliciousness does not require ill will or specific intent to do harm. *Arlington*, 192 B.R. at 500. The findings of the judge that the Debtor filed the lawsuit with intent to harass or get even and that the lawsuit was unwarranted and improper fits the definition of malice as an act that was wrongful and without just cause or excuse. *In re Bast*, 212 B.R. 499, 504 (Bankr.D.Md.1997).

### B. Collateral Estoppel

■ The foregoing discussion assumes that the Debtor–Defendant is bound by the

state court findings under the doctrine of collateral estoppel, and indeed he is.

Collateral estoppel is an equitable doctrine. It applies when the following four threshold requirements are met: (1) the issue sought to be precluded has been decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue was essential to the final judgment in the prior proceeding; and (4) the party against whom the doctrine is asserted was fully represented in the prior proceeding. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987).

It is well known in the Seventh Circuit that that doctrine of collateral estoppel applies to dischargeability proceedings. *Meyer v. Rigdon*, 36 F.3d 1375, 1378–79 (7th Cir. 1994) (citing *Klingman*, 831 F.2d at 1294–95; *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant § 523(a).")). As a result, where a court of competent jurisdiction has previously ruled against a debtor upon specific issues of fact that independently comprise elements of a creditor's nondischargeability claim, the debtor may not seek to relitigate those underlying facts in bankruptcy court, provided that the issues involved had been "actually litigated." *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987).

Debtor argues that the oral findings of the judge from the bench made part of the record cannot be used in applying the doctrine of collateral estoppel, only the written order. French argues that all findings of the Circuit Court as found in the record by the Illinois Appellate Court should be used in this Court's application of the doctrine of collateral estoppel. French outlines three reasons why the oral findings should be used: (1) Illinois courts possess authority to issue oral orders that are fully binding. *Urso v. Reynolds Metals Co.*, 95 Ill.App.2d 251 256, 238 N.E.2d 271, 273 (1st Dist.1968); (2) for a judgment or decree to operate as an estoppel, the estoppel may be shown on the face of the record or may be shown by extrinsic evidence. *Svalina v. Saravana*, 341 Ill. 236,

173 N.E. 281 (1930) (citing *Gouwens v. Gouwens*, 222 Ill. 223, 78 N.E. 597; *Sawyer v. Nelson*, 160 Ill. 629, 43 N.E. 728); and (3) reference may be made to pleadings, testimony, jury instruction, findings, verdicts, and any other pertinent sources of information sensibly helpful to the inquiry in determining whether an issue has been raised and considered in a prior proceeding. *Claiborne v. Hutchinson*, 67 Ill.App.3d 374, 378, 24 Ill. Dec. 262, 385 N.E.2d 29, 32 (1st Dist.1978).

■■■ There does not appear to be authority specifically resolving the issue of whether an Illinois judge's statements from the bench that are not included in the written order can be used for purposes of collateral estoppel. However, the French arguments are well reasoned. In making a determination as to what has been litigated, the court can look to pertinent sources of information that can help in the determination of whether a issue has been raised and considered. *Id.* Oral findings of a trial court judge regarding the rationale and reasoning behind the orders of that judge would constitute pertinent information in determination of collateral estoppel issues. In addition, the Illinois Appellate Court found the oral findings from the bench as articulated by the Circuit Judge to be part of findings made below, and referred to them in determining whether to affirm the sanction. The giving of full faith and credit to the state court ruling appears to require an assumption that the Illinois Appellate Court was the arbiter of what the record it reviewed included.

Moreover, that record as reviewed here meets requirements of collateral estoppel in determining nondischargeability. Defendant's actions and his intentions were litigated pursuant to the motion for sanctions against him in the state court case. Carlson, a licensed attorney, fully and knowingly represented himself in that sanctions proceeding. Whether Carlson had improper motivations for bringing the litigation against French was a necessary determination in that proceeding. Finally, the issue was determined in the prior proceeding. The one-page, handwritten Circuit Court order states that Carlson brought the litigation against French for an "improper purpose." Plaintiff's Motion for Summary Judgment, Ex. B. The transcript of the hearing expands on

this. The court found that the "improper purpose" was "to harass or in some way get even with the attorneys or some of the attorneys which had been part of the earlier federal suit." Plaintiff's Motion, Ex. C, p. 32, ll. 2–6. Moreover, the judge's intention when he asked the movant to draw up the order was that the order be read to comport with the oral findings. Indeed, that is how the record by the Illinois Appellate Court was read.

Based on the foregoing, all four elements of collateral estoppel have been met, and Defendant is collaterally estopped from contesting findings of the Illinois trial court that are sufficient to establish elements for a judgment of nondischargeability under 11 U.S.C. § 523(c)(6).

### CONCLUSION

For the reasons set forth herein, French's motion for summary judgment is allowed, and judgment will be entered by separate order.